[Civ. No. 11354. First Appellate District, Division Two.—June 20, 1940.]

DONALD B. JACKSON, Appellant, v. FRANK DE BENE-DETTI et al., Respondents.

Edward E. Craig for Appellant.

Brown & Rosson and Joseph A. Murphy for Respondents.

NOURSE, P. J.—Plaintiff appeals from an order granting defendants' motion to dismiss his action for want of diligence in prosecution and from another order denying

him relief under section 473 of the Code of Civil Procedure from the order first appealed from.

The action is one seeking damages for personal injuries arising out of an alleged assault on May 19, 1936. The complaint was filed on May 19, 1937, and summons was served on May 12, 1939. On June 29, 1939, defendants' motion to dismiss for want of diligence in prosecution was heard upon affidavits filed by them, no counter affidavits having been filed by the plaintiff. Following the argument upon that motion the trial court granted plaintiff until August 1, 1939, to file affidavits in opposition to the motion. The order then entered read in part: "Should counsel fail to file and serve his affidavits before said August 1, 1939, then said counsel is forbidden to file any affidavits in opposition to the motion to dismiss, and said matter is continued to August 1, 1939, at 10:30 A. M. Upon failure of filing affidavit, then said matters are ordered continued to August 15, 1939, at 10:30 A. M. for decision before Honorable T. W. Harris." On August 1, 1939, the date to which said matter was continued for hearing, counsel for plaintiff failed to appear and the cause was regularly continued to August 14, 1939. On the latter date counsel for plaintiff again failing to appear the motion to dismiss was granted without further hearing or argument. On August 5, 1939, plaintiff filed his own affidavit alleging that the delay in the prosecution of the case was caused by his physical condition, and stating specifically that from May, 1936, to June, 1936, he required hospitalization, and again from April 15, 1937, to April 28, 1937, and from July, 1938, until September, 1938.

On September 14, 1939, plaintiff filed his motion for relief under section 473 of the Code of Civil Procedure. This was accompanied by the affidavits of two physicians, one stating that he had given the plaintiff professional treatment on July 26, 1938. The other that he had treated him for eight days in May, 1936, twelve days in April, 1937, and four days in May, 1938. Aside from the first treatment which was for a condition probably acquired from the injuries received in the alleged assault, the other treatments were for peptic or gastric ulcers.

Plaintiff's difficulties are these: On the motion to dismiss, having failed to appear when the matter was set

for hearing, having failed to make any showing whatever in excuse for his unreasonable delay in service of summons and in bringing the cause to issue, he is in no position now to claim error in the order appealed from.  ■  As to the motion for relief under section 473, the extent of his showing is that he was ill for short periods of time in the years 1936, 1937 and 1938.  There was no attempt to make any excuse whatever for the delay in the service of the summons of approximately two years from the date when the complaint was filed.  Both of these motions rest in the sound discretion of the trial court, and when the losing party attacks either it is incumbent upon him to show manifest abuse of that discretion.  It is not sufficient to say to us that the excuse is good or that we should in our discretion weigh the evidence and extend leniency to the losing party.

■  The principles of law involved in both appeals are not complicated.  Section 583 of the Code of Civil Procedure reads in part: "The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial."  In 9 California Jurisprudence, page 526, it is said: "It is the duty of a plaintiff at every stage of the proceedings to use due diligence to expedite his case to a final determination.  And it is clearly settled by numerous decisions that if he fails in the performance of that duty, the superior court may, in the exercise of its inherent discretionary powers, dismiss the action."  In *Gray* v. *Times-Mirror Co.*, 11 Cal. App. 155, 164 [104 Pac. 481], the court said: "The law will presume injury from unreasonable delay.  It is the policy of the law to favor and encourage a prompt disposition of litigation, and this policy is the outgrowth of sound and substantial reasons.  The doctrine of laches as a bar to the assertion of stale claims and of statutes of limitations rest upon the same reasons or principle.  A party against whom an action is instituted is entitled to as speedy a disposition thereof as is consistent with his own and the rights of the plaintiff, and if he who starts the law in motion does not with reasonable promptness pursue all the steps necessary to bring the litigation to an end, he should suffer the penalty of his default.  It is no answer to say

that the respondent did not, during the period of the delay, utter a word of protest against such delay. As we have said, it was the duty of the plaintiff to act, and to act with reasonable promptness and diligence. It was not the duty of the respondent to make any move except such as the law requires it to make in response to the movements of plaintiff at the various stages of the litigation.'' A clear and succinct statement of the principles controlling in a case of this character is found in *Lieb* v. *Lager,* 9 Cal. App. (2d) 324, 326 [49 Pac. (2d) 886], where the court said: ''As has frequently been said, the duty rests upon a plaintiff at every stage of the proceedings to use diligence to expedite his case to a final determination that there may be an end to litigation. The question of diligent prosecution is one largely committed to the discretion of the lower court. (*Ferris* v. *Wood,* 144 Cal. 426 [77 Pac. 1037].) The only limitation upon the exercise of the discretionary power of the court to dismiss a cause for delay in the service of summons is that it must not be abused. (*Kreiss* v. *Hotaling,* 99 Cal. 383 [33 Pac. 1125].) Here the motion was heard upon conflicting affidavits and it must be assumed that the court below found the facts to be as asserted by the moving and prevailing party. (*Witter* v. *Phelps,* 163 Cal. 655 [126 Pac. 593].) . . . Even if it be assumed that the delay here involved did not injure the defendants, it is no excuse in itself for the tardy service, and this fact in no manner controlled the action of the court in the exercise of its discretion. (*Anderson* v. *Nawa,* 25 Cal. App. 151 [143 Pac. 555].) To say that the court is so limited is to deny its exercise of discretionary power in all cases. As we have seen, the only limitation that the law has placed upon the exercise of discretionary judicial power is that it must not be abused. (*Clavey* v. *Lord,* 87 Cal. 413, 419 [25 Pac. 493].) ''

In his closing brief the appellant for the first time suggests the point that respondents' demurrer was a waiver of their right to a dismissal and stopped the running of the statute. He cites section 581a of the Code of Civil Procedure and *Johnston* v. *Baker,* 167 Cal. 260 [139 Pac. 86]. Neither the code section nor the case cited is helpful. The case was decided in 1914 when section 583 contained the expression ''two years after answer filed'', but, in the later amendment to this section this expression was changed to read ''two years

after action is filed''. ■ There is no inconsistency between sections 581a and section 583. The latter starts the time running from the filing of the action and is not limited by the filing of a demurrer or answer. The first clause of section 583 stands by itself as conferring discretionary power to dismiss under the circumstances therein stated. This power is not controlled by the succeeding mandatory provisions of that section, nor by the provisions of 581a which would permit the court to retain jurisdiction after defendant's appearance, if no objection were made. It is limited only by the rule that this judicial power shall not be abused.

■ In the case at hand, the motion for relief under section 473 was heard upon conflicting affidavits, and it must be assumed that the trial court ''found the facts to be as asserted by the moving and prevailing party''. In the motion to dismiss the appellant failed to avail himself of the opportunity granted him to make a counter-showing, and it must be assumed here likewise that the trial court found the facts tendered by the moving and prevailing party to be true. Upon this record we cannot state that the trial court abused its discretion upon either motion.

The orders are affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 19, 1940.