[Civ. No. 11138.   First Appellate District, Division Two.—November 28, 1940.]

THE HIBERNIA SAVINGS AND LOAN SOCIETY (a Corporation), Appellant, v. JOHN LAUFFER et al., Respondents.

Tobin & Tobin and Raymond J. Arata for Appellant.

Woolsey & Huovinen and B. H. Dean, Jr., for Respondents.

SPENCE, J.—This is an appeal from an order dismissing the above-entitled action for failure of plaintiff to prosecute said action with reasonable diligence.

On August 1, 1928, defendants John Lauffer and Margaret Lauffer executed a note and mortgage in favor of plaintiff, which mortgage contained a power of sale. The note became due and payable on August 1, 1929. On July

27, 1933, plaintiff filed its complaint in the present action seeking the foreclosure of said mortgage and, on the same day, plaintiff recorded a notice of breach and election to sell under the power of sale contained in said mortgage. On April 24, 1934, plaintiff exercised said power of sale and sold the property covered by said mortgage. Said defendants knew nothing of the pendency of the foreclosure action until July 24, 1936, when copies of the complaint and summons were served upon them. At that time, almost three years had elapsed since the filing of the complaint and more than two years had elapsed since the property had been sold under the power of sale. Said action could not have been prosecuted as a foreclosure action after the sale had been made under the power of sale (*Commercial Centre Realty Co.* v. *Superior Court,* 7 Cal. (2d) 121, 129 [59 Pac. (2d) 978, 107 A. L. R. 714] ; *Mayhall* v. *Eppinger,* 137 Cal. 5, 7 [69 Pac. 489] ), but it was not until March 3, 1937, that plaintiff filed its amended and supplemental complaint seeking a deficiency judgment. At that time, almost three years had elapsed since the sale had been made and almost four years had elapsed since the original complaint had been filed. On March 15, 1937, said defendants filed a demurrer to the amended and supplemental complaint and thereafter on April 16, 1937, said defendants made a motion to set aside the order by which plaintiff had been granted leave to file the amended and supplemental complaint. The motion and demurrer were thereafter argued and submitted and were still under submission when defendants, on August 26, 1937, gave notice of motion to dismiss the action for lack of prosecution. Said motion was granted by the court on December 31, 1937, and this appeal followed.

In arguing the question of whether the trial court erred in dismissing said action, the parties have discussed the nature of the power of the trial court with respect to such dismissals and the effect of the provisions of the statutes relating to such dismissals. It seems well settled that the power of a trial court to dismiss an action for failure on the part of plaintiff to prosecute it with diligence is an inherent power which exists without the aid of statutory authority and that the provisions of section 583 of the Code of Civil Procedure and of other related sections must be read in the light of the existence of such inherent power. (*Romero* v.

*Snyder,* 167 Cal. 216 [138 Pac. 1002]; *Johnston* v. *Baker,* 167 Cal. 260 [139 Pac. 86].)

■ Since 1933, said section 583 of the Code of Civil Procedure has provided that "The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial. Any action heretofore or hereafter commenced shall be dismissed . . . unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have stipulated in writing that the time may be extended . . . " It is thus apparent that said section purports to permit a dismissal in the discretion of the court at any time after two years and purports to require a dismissal at any time after five years except where the parties have stipulated for an extension. Said periods of two and five years now run from the time of the commencement of the action rather than from the time of the filing of the answer as previously provided.

■ The history of section 583 and the related sections is discussed at some length in *Romero* v. *Snyder, supra,* and *Johnston* v. *Baker, supra,* and need not be repeated here. The purpose of said section 583, as indicated in *Romero* v. *Snyder, supra,* at page 219 was "to fix: 1. A minimum period within which mere delay is not deemed to be sufficient cause; 2. An immediately ensuing interval of three years, during which the court, in its discretion, may adjudge it sufficient; and, 3. A maximum period of five years, upon the expiration of which, the delay is declared to be sufficient as a matter of law and the dismissal is made mandatory." The dismissal was entered here after two years had elapsed and before five years had elapsed from the time of the filing of the action and therefore within the period in which the court admittedly had the power to dismiss the action in the exercise of its discretion. ■ It would therefore appear immaterial whether the trial court was acting under its inherent power or under the power which said section purports to confer upon it for, in either case, it is settled that the order of the trial court dismissing said action should not be disturbed except upon a showing of a clear abuse of discretion. (*Inderbitzen* v. *Lane Hospital,* 17 Cal. App. (2d) 103 [61 Pac. (2d) 514]; *Steinbauer* v. *Bondesen,* 125 Cal. App. 419 [14 Pac. (2d) 106]; *Vogel* v. *Marsh,* 122 Cal. App.

748 [10 Pac. (2d) 791]; *Barry* v. *Learner,* 113 Cal. App. 651 [299 Pac. 82].)

Plaintiff has endeavored to make a showing of an abuse of discretion on the part of the trial court but, in our opinion, the showing made is insufficient for that purpose. Plaintiff first calls attention to its affidavits in opposition to the motion in which it was alleged that certain negotiations were pending at one time. But defendants presented affidavits in conflict with those presented by plaintiff and alleged therein that defendants notified plaintiff in the early part of 1933 of their inability to make the payments required by the note and mortgage and further alleged that defendants then offered to convey the property to plaintiff and were then assured by plaintiff that it would not seek a deficiency judgment. These allegations were not denied by plaintiff. Plaintiff alleged that it did have certain negotiations with the holder of a subordinate judgment lien against the property but it affirmatively appears from plaintiff's affidavits that any such negotiations were discontinued at some time prior to March 30, 1934, which was more than two years prior to the service of summons on defendants. It is undisputed that the place of residence and the place of business of defendants were in the county where the action was pending and were known at all times to plaintiff but no attempt to serve summons upon defendants was made until July 24, 1936. The trial court no doubt concluded that the pendency of any alleged negotiations prior to March 30, 1934, did not excuse the subsequent lack of diligence in the prosecution of the action and the trial court was entirely justified in so concluding. Plaintiff further calls attention to the fact that defendants failed to allege facts in their affidavits showing that they had a meritorious defense to the action or that they had been injured by the delay. It was unnecessary, however, to allege such facts. (*Thompson* v. *Lester,* 20 Cal. App. (2d) 745 [67 Pac. (2d) 1093]; *Lieb* v. *Lager,* 9 Cal. App. (2d) 324 [49 Pac. (2d) 886]; *Gray* v. *Times-Mirror Co.,* 11 Cal. App. 155 [104 Pac. 481].) Plaintiff cites and relies upon *Herman* v. *Pacific Jute Mfg. Co.,* 131 Cal. 210 [63 Pac. 344], but that case is not controlling. The answer had been filed in that case and the court points out that defendant admittedly had no defense and had filed a sham answer merely for the purpose of delay. Such was not the case here. Ordinarily a defendant should not be required

to present his case on the merits upon a motion for a dismissal (*Thompson* v. *Lester, supra*) and "The law will presume injury from unreasonable delay." (*Gray* v. *Times Mirror Co., supra,* p. 164.) ▮ Plaintiff further claims that defendants were guilty of laches in presenting their motion. Plaintiff states that defendants delayed the making of their motion for five months and took up the court's time with the presentation of a demurrer and the making of another motion. The alleged five months delay does not appear to have been an unreasonable delay and the fact that there was such alleged delay does not sustain plaintiff's claim that there was an abuse of discretion on the part of the trial court.

▮ Plaintiff further contends that defendants waived their right to move for a dismissal by the express terms of the mortgage and also by the filing of a demurrer and motion to set aside the trial court's order permitting the filing of the amended and supplemental complaint. We find no merit in this contention. We will assume, solely for the purpose of this discussion and without deciding the question, that a defendant may waive the right to move for a dismissal and thereby deprive the court of any power to dismiss an action for failure to prosecute it with reasonable diligence. We are nevertheless of the opinion that there was no such waiver in the present case.

The mortgage contained the following provision: "In consideration of the granting of said loan to the Mortgagor by the Mortgagee, the Mortgagor hereby waives any and all defenses which may now or hereafter exist by virtue of any homestead statute, statute of limitation, or otherwise, to any action brought to foreclose said note or mortgage, or to the exercise of the power of sale herein contained, except the sole defense of payment."

▮ The quoted provision of the mortgage provides in effect for a forfeiture of certain rights of the mortgagor. The mortgage was drawn by the plaintiff and if it may be said that there is any uncertainty as to its meaning, it must be construed most strongly against the plaintiff. (Civ. Code, sec. 1654; 6 Cal. Jur. 309, sec. 185.) ▮ ▪ We will pass the question of whether the right to move for a dismissal of an action constitutes a "defense" as the above-quoted provision relates only to the waiver of the defense "to any action brought to foreclose said note or mortgage, or to the exercise of the power of sale therein contained." So far as

actions are concerned, said provision relates only to an action to *"foreclose"*. The word "foreclose" is a technical word and it has a technical meaning in mortgage transactions (Civ. Code, sec. 2931), which meaning relates solely to the method employed in terminating the right of redemption of the mortgagor. This technical meaning is the same as the commonly understood meaning of the word when applied to such transactions. ▉ We therefore believe that a fair construction of said provision of the mortgage is that it was intended to apply only to foreclosure by action or by sale under the power of sale and that it was not intended to apply to an action prosecuted solely for the purpose of obtaining a deficiency judgment after a sale upon foreclosure. Plaintiff stresses the fact that the word "or" was used between the words "note" and "mortgage" but the entire phrase refers to an action "to foreclose said note or mortgage". We have never heard of the use of the word "foreclose" with respect to an action prosecuted solely for the purpose of obtaining a deficiency judgment on a note after a sale upon foreclosure and we do not believe it was intended to be so used here. Such an action is something different from a foreclosure action as is evidenced by the fact that during the pendency of these proceedings, a different statute of limitations was made applicable to such actions limiting the time to three months after the sale. (Code Civ. Proc., sec. 580a.) The most that can be said is that uncertainty exists as to whether said provision of the mortgage was intended to apply to an action prosecuted solely for the purpose of obtaining a deficiency judgment after the exercise of the power of sale contained in the mortgage and, under the rules of construction above set forth, we are impelled to hold that it was not so intended. There was therefore no express waiver by defendant of the right to move for a dismissal in the present case.

▉ In support of the contention that defendants waived their right to move for a dismissal by filing a demurrer and a motion to set aside the trial court's order permitting the filing of an amended and supplemental complaint, plaintiff cites and relies upon certain language found in *Johnston* v. *Baker*, 167 Cal. 260 [139 Pac. 86] at page 265. We believe, however, that the decision in *Romero* v. *Snyder*, 167 Cal. 216 [138 Pac. 1002], is a complete answer to said contention. The language in *Johnston* v. *Baker, supra,* to which refer-

ence has been made by plaintiff was not necessary to the decision but, in any event, it related to the effect of the filing of an answer rather than the filing of a demurrer and that case was decided when the times specified in said section 583 dated from the time of the filing of the answer rather than from the time of the filing of the action.

In view of our conclusions that defendants had not waived their right to move for a dismissal of the action and that the trial court did not abuse its discretion in granting said motion, it follows that the order of dismissal should not be disturbed.

The order dismissing the action is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 28, 1940, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 27, 1941.