[Civ. No. 13638. First Dist., Div. One. Apr. 30, 1948.]

ANGELO SIMONINI, Appellant, v. JAY DEE LEATHER PRODUCTS CO. (a Corporation), Respondent.

John F. O'Sullivan for Appellant.

F. E. Hoffmann for Respondent.

BRAY, J.—The principal question involved in this appeal is whether the trial court abused its discretion in dismissing a personal injury action on the ground that plaintiff, in failing to bring the matter to trial within two years after action filed, did not exercise due diligence.

The history of the case follows: The complaint was filed June 10, 1944. A demurrer thereafter filed was overruled, and on September 7 the answer of defendant was filed. Pursuant

to memorandum of motion to set, the cause was set for trial by jury for November 21. Thereafter the trial was continued three times, the last time being to April 18, 1945. On that date appears a minute order to the effect that the trial is dropped from the calendar. Plaintiff having substituted attorneys, a new memorandum to set was filed and the trial set for December, 1946. Thereafter the trial was continued five times, the last continuance being from June, 1947, to September 3. On July 28, defendant filed a "Notice of Motion For Order Dismissing Action" which was heard on August 4 and the order dismissing the action was filed on August 7.

On the hearing of the motion all that was before the court was the record itself, as neither side filed any affidavits or offered any other evidence.

### The Notice of Motion

Plaintiff's first contention is that the notice of motion was insufficient (a) because not accompanied by any affidavit, and (b) because it did not state the grounds upon which the motion was to be made. ██ As to the first ground, it was not necessary that any affidavit accompany the notice. It specified that the motion would be based upon ". . . all the records, files and proceedings . . . and the provisions of section 583 of the Code of Civil Procedure." Thus, defendant was relying on the record to show that the case had not been brought to trial within the statutory two-year period, and the record itself is the best evidence of that fact. There is no statutory requirement that the notice of motion be accompanied by an affidavit. (18 Cal.Jur. 656.)

██ As to the second point, plaintiff contends that under section 1010 of the Code of Civil Procedure the notice of motion must set forth the grounds upon which the motion is to be made. In *Shields* v. *Shields,* 55 Cal.App.2d 579 [130 P.2d 982], a notice of motion stated that the motion was to be made upon section 685 of the Code of Civil Procedure (the section providing for the issuance of execution after five years). The court held that in failing to state the grounds of the motion more explicitly, the notice was faulty, but the fault was not a fatal one, as it was apparent that the "obvious ground of the motion was that a judgment remained unsatisfied in whole or in part." So here, while section 583 of the Code of Civil Procedure provides two different grounds for dismissal, one for failure to bring the action to trial in two years, in which event the dismissal is within the discretion of the court,

the other for failure to bring it to trial in five years, in which event the dismissal is mandatory, it is obvious from the fact that the notice states that the motion is to be made and based upon section 583, and the action had been pending less than five years, that it was to be made upon the two-year ground. There could be no mistake as to the ground upon which the motion was to be made.

■ Moreover, the record fails to show that any objection was made in the trial court to the form of the notice or to the court's proceeding to hear the motion. In *Hecq* v. *Conner*, 203 Cal. 504 [265 P. 180], the appellant contended that the notice of motion (to set aside a judgment of dismissal) did not comply with section 1010 of the Code of Civil Procedure in that it did not state the grounds upon which the motion would be made. The court stated that section 1010 "is for the benefit of the party upon whom the notice is served. Being for his benefit he can, of course, waive its requirement. By failing to object to the hearing of the motion at the time it was noticed to be heard, the appellants impliedly waived this defect in the notice itself. [Citing cases.]" (P. 506.)

### No Abuse of Discretion Shown

■ "It seems well settled that the power of a trial court to dismiss an action for failure on the part of plaintiff to prosecute it with diligence is an inherent power which exists without the aid of statutory authority and that the provisions of section 583 of the Code of Civil Procedure and of other related sections must be read in the light of the existence of such inherent power." (*Hibernia Sav. & Loan Soc.* v. *Lauffer*, 41 Cal.App.2d 725, 728 [107 P.2d 494].) Section 583 of the Code of Civil Procedure provides: "The court may *in its discretion* dismiss any action for want of prosecution . . . whenever plaintiff has failed for two years after action is filed to bring such action to trial." (Emphasis added.) It is well settled that the action of a trial court in dismissing an action for failure to prosecute diligently should not be disturbed except upon a showing of clear abuse of discretion. (*Hibernia Sav. & Loan Soc.* v. *Lauffer, supra; Inderbitzen* v. *Lane Hospital*, 17 Cal.App.2d 103 [61 P.2d 514].) ". . . it is incumbent upon the appellant to establish affirmatively that there has been an abuse of discretion." (*St. Clair* v. *Brix*, 89 Cal.App. 94, 99 [264 P. 307]; *Grigsby* v. *Napa County*, 36 Cal. 585 [65 Am.Dec. 213].)

■ Plaintiff at no time offered any evidence to show that his failure to bring the case to trial was not because of lack of diligence. No explanation of the many continuances (eight in number) is given. On this point plaintiff contents himself with the very negative suggestion that as the minute orders entered by the clerk fail to show anything other than the fact that the trial each time was continued, they do not show that the continuances were at plaintiff's request. He intimates that they might have been for the convenience of the court. The peculiar language used by him might indicate that the continuances were at his request. However, that is immaterial. ". . . the duty rests upon the plaintiff at every stage of the proceedings to use due diligence to expedite his case to a final determination." (*St. Clair* v. *Brix, supra,* p. 99; *Raggio* v. *Southern Pacific Co.,* 181 Cal. 472 [185 P. 171].) In the absence of any showing that the continuances were at the request of the court, we cannot assume that the court would be unfair enough to dismiss a case for lack of prosecution where the failure to get the case to trial was due, not to plaintiff's lack of diligence, but to pressure of business in the court or to the court's own action. "An appellate court will never indulge in presumptions to defeat a judgment. It will never presume that an error was committed, or that something was done or omitted to be done which constitutes error. On the contrary, every intendment and presumption not contradicted by or inconsistent with the record on appeal must be indulged in favor of the orders and judgments of superior courts. It is the duty of a litigant complaining of errors committed by a trial court to produce a duly authenticated record affirmatively showing the alleged error." (2 Cal.Jur. p. 852.)

■ While it is true that at the time of the dismissal the case was set for trial the following month, we cannot say that that fact compels a holding that the court abused its discretion in dismissing the action. Particularly is this so where, as here, plaintiff offered no evidence whatever in the trial court to excuse his delay in bringing the case to trial.

Moreover, the court had knowledge of its own of the reasons for the continuances, and as said in *Hibernia Sav. & Loan Soc.* v. *Lauffer, supra* (p. 729): "It would therefore appear immaterial whether the trial court was acting under its inherent power or under the power which said section [Code Civ. Proc., § 583] purports to confer upon it for, in either case, it is settled that the order of the trial court dismissing

said action should not be disturbed except upon a showing of a clear abuse of discretion.''

We cannot say that the record itself, in showing an unexplained delay of over three years in bringing the case to trial, was not sufficient justification of the action of the court in dismissing the case.

The order appealed from is affirmed.

Peters, P. J., and Ward, J., concurred.