[Civ. No. 4727. Fourth Dist. Jan. 4, 1954.]

LOIS GWENDOLYN NETZLEY et al., Appellants, v. E. N. HILLSTROM et al., Respondents.

William G. Bergman, Jr., for Appellants.

Swing & Gillespie for Respondents.

MUSSELL, J.—The complaint in this malpractice action was filed on January 26, 1948. On November 20, 1952, defendants E. N. Hillstrom and C. A. Herrmann filed and served a notice of motion to dismiss the action on the ground that there had been an inexcusable delay of more than two years after the filing of said action in prosecuting the same. This motion was granted on December 5, 1952, and a judgment of dismissal was thereupon entered. Plaintiffs appeal from the judgment and the principal question involved is whether the trial court abused its discretion in dismissing the action.

It appears from the affidavit of counsel for defendants, filed in support of the motion, that this is an action to recover damages for personal injuries alleged to have been caused by the wrongful acts of defendants arising out of and in the course of medical care and treatment and in the performance of a surgical operation upon the plaintiff Lois Gwendolyn Netzley; that the wrongful acts are alleged to have occurred between the 26th day of September, 1946, and the 20th day of April, 1947; that the complaint was filed on January 26, 1948; that a first amended and supplemental complaint was filed on May 7, 1948, a second amended and supplemental complaint was filed on June 19, 1948, a third amended complaint on July 28, 1948, a fourth amended complaint on October 15, 1948, and a fifth amended complaint on April 1, 1949; that

on April 7, 1949, defendants demurred to the fifth amended complaint; that said demurrer was never brought on for hearing and no proceedings of any kind were had in said action from that date until February 29, 1952, when plaintiffs were granted permission to file a sixth amended complaint, to which defendants demurred and said demurrer was overruled; that on April 24, 1952, defendants filed their answer and said action became at issue, nearly four years and four months after the complaint was filed; that on or about October 6, 1952, defendants filed a notice for security of costs and an undertaking was thereafter filed and served upon defendants on or about November 3, 1952; that on November 10, 1952, the plaintiffs filed a motion for an order advancing said case for trial upon the stated ground that the five-year period within which said action must be brought to trial would expire on or about January 24, 1953; that said motion has not yet been heard, ruled upon or otherwise disposed of; that defendants stated to affiant the facts and circumstances of the case and that affiant believes that defendants have a good and valid defense to said cause of action upon the merits; that at all times since the filing of said action the defendants have been ready and willing to try it; that plaintiffs' delay in bringing said cause to trial is wholly inexcusable and is not caused by any acts or omissions of the defendants; that since said action was filed memories of witnesses have become dim with the passage of time, witnesses have disappeared and defendant E. N. Hillstrom has moved from the state of California and evidence has been lost which, had said action been prosecuted to trial with reasonable diligence, would have been available to said defendants, and without which defendants will be prejudiced and placed under an undue hardship if said action is now permitted to proceed to trial after such long and inexcusable delay in the prosecution thereof.

In opposition to the motion and in answer to the affidavit of counsel for defendants, counsel for plaintiffs filed a counter-affidavit in which he stated that on or about March 1, 1949, he forwarded to the plaintiffs at their last address known to affiant at Dayton, Ohio, a copy of the fifth amended complaint with a request that they verify the same and return it to him; that on March 30th, not having received said complaint so verified, affiant verified and filed a fifth amended complaint; that he did not again hear from the plaintiffs and learned that they had not received said complaint until some time between the first and fifth days of February, 1952, at which time plain-

tiffs came to California and advised affiant that they had never heard from him and had written two letters to him regarding this case, neither of which was ever received by affiant; that thereupon affiant prepared and filed a sixth amended complaint to which a demurrer was filed and argued on the 21st day of March, 1952; that defendants did not then make any objection to the delay in said action; that affiant then placed the matter on the civil active list for trial and took the deposition of one of the defendants on August 22, 1952; that no objection was then made by the defendants to the delay in bringing the case to trial; that on October 6, 1952, defendants demanded security for costs and on or about October 28, 1952, a surety bond was filed.

The motion to dismiss for want of prosecution was based on the records and files in said action and on said affidavits.

The rule is well settled that the power of a trial court to dismiss an action for failure on the part of the plaintiff to prosecute it with diligence is an inherent power which exists independent of statutory provisions and that the provisions of section 583 of the Code of Civil Procedure and other related sections must be read in the light of the existence of such inherent power. (*Simonini* v. *Jay Dee Leather Products Co.*, 85 Cal.App.2d 265, 268 [193 P.2d 53]; *Steen* v. *City of Los Angeles*, 31 Cal.2d 542, 546 [190 P.2d 937].)

Section 583 of the Code of Civil Procedure provides that "the court may in its discretion dismiss any action for want of prosecution . . . whenever plaintiff has failed for two years after action is filed to bring such action to trial." It is also the rule that the action of the trial court in dismissing an action for failure to prosecute diligently should not be disturbed except upon a showing of a clear abuse of discretion and it is incumbent upon the appellant to show that there has been such an abuse. (*Simonini* v. *Jay Dee Leather Co., supra,* 268; *Gurst* v. *San Diego Transit System,* 119 Cal.App.2d 51, 55 [258 P.2d 1109].)

As was said in *Hillsdale Builders Supply Co.* v. *Eichler,* 109 Cal.App.2d 117, 118 [240 P.2d 343]:

"The cases are uniform in holding that when the trial court dismisses an action under this section [Code Civ. Proc., § 583] the 'discretion' mentioned therein is the discretion of that court, and not of a reviewing court. It is equally true that the action of a trial court will not be disturbed except upon a showing of a manifest abuse of discretion." (Citing cases.)

In the instant case the action was filed January 26, 1948, and the motion to dismiss for want of prosecution was not filed until November 20, 1952. No excuse is shown for the delay of four years, nine months and 24 days, except the statements in the affidavit of counsel for plaintiffs that he was unable to contact his clients and their statement to him that they had not received letters which he had written to them and the further excuse that the defendants had made no objection to the delay in bringing the case to trial. ▮ However, the duty rested upon the plaintiffs at every state of the proceedings to use due diligence to expedite the case to a final determination. (*Raggio* v. *Southern Pac. Co.,* 181 Cal. 472, 475 [185 P. 171].) ▮ The evidence is amply sufficient to support the trial court's conclusion and plaintiffs have failed to show a clear abuse of discretion on the part of the trial court under the rules stated herein. The fact that the defendants did not protest the delay before moving for a dismissal is no excuse for plaintiffs' failure to prosecute the action with diligence. (*Jackson* v. *De Benedetti,* 39 Cal. App.2d 574 [103 P.2d 990].)

It is argued by the plaintiffs that the defendants are estopped to claim the benefit of the provisions of section 583 of the Code of Civil Procedure. Apparently this contention is based upon the failure of defendants to object to the delay and that defendants took affirmative steps looking to a trial on the merits such as filing and arguing a demurrer, filing an answer and a demand for security for costs. This argument is without merit. ▮ The right to move for a dismissal is not waived by the filing of a demurrer or answer, (*Hibernia Sav. & Loan Soc.* v. *Lauffer,* 41 Cal.App.2d 725 [107 P.2d 494]) and neither the failure to object nor acquiesce in delay long after the two-year period expired is an excuse for failure to diligently prosecute the action to trial within the two-year period. (*Barry* v. *Learner,* 113 Cal.App. 651, 655 [299 P. 82].)

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.