[Civ. No. 23242.   Second Dist., Div. One.   Nov. 18, 1958.]

WILLIAM G. BONELLI, Appellant, v. NORMAN
CHANDLER et al., Respondents.

A. Brigham Rose for Appellant.

Cosgrove, Cramer, Diether & Rindge for Respondents.

LILLIE, J.—A libel action was commenced by the filing of a complaint on October 7, 1954. Defendants were served with copies of summons and complaint on September 13, and September 16, 1957, respectively, almost three years thereafter.

On October 7, 1957, exactly three years after filing of the suit, defendants filed notice of motion to dismiss under section 583, Code of Civil Procedure, on the ground of want of prosecution and that there had been an inexcusable delay for more than two years after the action was filed to bring it to trial. The motion was granted and it is from the order of dismissal and judgment awarding costs to defendants, plaintiff appeals.

Appellant contends that the trial court abused its discretion in granting the motion and that "section 583 CCP is relegated to 'dismissal for delay in trial' and not for failure to effect service within the three year provision."

Section 583, Code of Civil Procedure, reads in pertinent part as follows: "The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial, except where it be shown that defendant has been absent from the State or concealed therein and his whereabouts unknown to plaintiff and not discoverable to said plaintiff upon due diligence, in which event said period of absence or concealment shall not be part of said two-year period . . ."

Dismissal under the foregoing section lies within the broad discretion of the trial court and it will be disturbed only in cases of manifest abuse. (*Hillsdale Builders Supply Co.* v. *Eichler*, 109 Cal.App.2d 117, 118 [240 P.2d 343]; *Hayashi* v. *Lorenz*, 42 Cal.2d 848, 851 [271 P.2d 18].) This discretion "is one controlled by legal principles

and is to be exercised in accordance with the spirit of the law and with a view of subserving, rather than defeating, the ends of substantial justice" (*Jepsen* v. *Sherry,* 99 Cal.App.2d 119, 121 [220 P.2d 819, 822]; *Ordway* v. *Arata,* 150 Cal.App. 2d 71 [309 P.2d 919]); and not only is the trial court bound to consider whether plaintiff had a reasonable opportunity to bring the action to trial (*Bank of America* v. *Superior Court,* 84 Cal.App.2d 34, 38 [189 P.2d 799]; *Ojeda* v. *Municipal Court,* 73 Cal.App.2d 226, 231 [166 P.2d 49]) but whether plaintiff discharged the duty falling on every person who files an action to prosecute it with reasonable promptness and diligence. (*Netzley* v. *Hillstrom,* 122 Cal.App.2d 417 [265 P.2d 57]).

The defendants' motion was submitted by way of affidavits and the official record of the proceedings in the lower court. ██ In considering an appeal from an order granted on a motion based on affidavits, and which involves a determination of a question of fact, if there is any conflict therein, those affidavits favoring the respondent are accepted by the reviewing court as true; and since all intendments are in favor of the ruling of the lower court, the affidavits in behalf of the successful party are deemed not only to establish the facts directly stated therein but all facts reasonably to be inferred from those stated (*Dewit* v. *Glazier,* 149 Cal.App.2d 75 [307 P.2d 1031]; *Doak* v. *Bruson,* 152 Cal. 17 [91 P. 1001]; *West Coast Securities Co.* v. *Kilbourn,* 110 Cal.App. 293 [294 P. 57]); and "when there is a substantial conflict in the facts stated, the determination of the controverted facts by the trial court will not be disturbed." (*Hayutin* v. *Rudnick,* 115 Cal.App.2d 138, 140 [251 P.2d 707]; *Griffith Co.* v. *San Diego College for Women,* 45 Cal.2d 501, 508 [289 P.2d 476, 47 A.L.R.2d 1349]; *Paulekas* v. *Paulekas,* 117 Cal.App.2d 73, 77 [254 P.2d 941].)

The affidavit of John N. Cramer, filed with defendants' notice of motion, wherein he recited the status of the action disclosed by the official court record, recited among other things: That he is one of defendants' counsel and since October 7, 1954, when the action was filed and for a period of almost three years thereafter, plaintiff did nothing in the prosecution of his action; that since then both defendants have resided in Los Angeles County and at all times have had offices in the city; that plaintiff on that date was a member of the State Board of Equalization with offices within two or three blocks of defendants'; that he was defeated for

reelection at the polls, left California between November 2 and 8, 1954, indicted by the San Diego County grand jury for conspiracy to violate the state Elections Code and arrested February 24, 1955, in Arizona; that he unsuccessfully resisted extradition to California in the Arizona courts and in August, 1956, entered the Republic of Mexico; that from October 7, 1954, until six months ago, plaintiff's attorney of record, A. Brigham Rose, had offices approximately three blocks from defendants'; that he (Cramer) believes defendants have a good and meritorious defense to the libel action—the plea of privilege, plea of truth, and a defense under section 48a, Civil Code, and to adequately prepare for trial it is necessary to interview many witnesses whose whereabouts are now unknown and, because of the unusual and complex factual situation, the almost three-year delay in serving them will result in an injustice and prejudice to defendants; that relative to their defense under section 48a, Civil Code, defendants are entitled to examine plaintiff under section 2055, Code of Civil Procedure, plaintiff "has been a fugitive from justice" since February 24, 1955, and is now beyond the jurisdiction of this court; that because of the lapse of time and the fact plaintiff is a fugitive and one "who contemns the ordinary processes of law of the State of California" it is difficult for defendants to proceed with the preparation and proof of their defenses; and the "delay . . . in serving said summons and complaint upon defendants is wholly inexcusable and not caused by any act or acts of omission of said defendants or either of them or their counsel."

In rebuttal of the statement and affidavit filed in behalf of plaintiff, defendants submitted three additional affidavits—affidavit of Warren M. Trester, Deputy Marshal, declaring that the Marshal's office received instructions from A. Brigham Rose for service of summons and complaint on defendants on September 13, 1957, at 8:13 a. m., and on the same day at 2:55 p. m. he served defendant Pinkley, and defendant Chandler, on September 16, 1957, at their offices without any difficulties; Affidavit of Wilma M. Drake, defendant Chandler's secretary, alleging she occupies a desk in the outer office, it is her custom to inquire of all visitors their business and to make arrangements for those desiring to serve legal documents on defendant personally if he is in his office and that if he is absent, to notify the server when he will be available for service, and she has never prevented service on

defendant; and affidavit of Josephine Ferguson, secretary to defendant Pinkley, reciting the availability of defendant Pinkley for personal service during the period in question.

In opposition to the motion, plaintiff filed affidavit of A. Brigham Rose and a document designated "Affidavit of Louis Laine," which is actually an unsworn statement of a process server to the effect that he made in excess of forty sporadic visits to the offices of defendants in an attempt to effect service, and, in fact, in making daily trips, Monday through Friday, to the clerk's office "he made it a practice almost every trip to the county clerk's office to try to effect service on defendants." (During the two-year period this would have amounted to approximately 440 times.) The affidavit of A. Brigham Rose, attorney for plaintiff, alleges in pertinent part that he left Los Angeles July 5, 1956, to practice law in San Diego where he has since been; that defendants since October 7, 1954, have known of the existence of the action and could have responded had they been so inclined; that, for over two years, one Louis Laine unsuccessfully attempted to effect service on defendants; and after importuning two women to serve them, he instructed the Marshal to serve defendants, which took him three weeks to do so. After declaring that the identity of those responsible for the publication and distribution of "The Mirror" is unknown and that the newspaper was by design set up in obscurity, and charging defendants with various acts calculated to "discredit" plaintiff, he further alleged that plaintiff intends to make himself available for deposition or any other matter before trial; that the criminal proceedings in San Diego were "politically inspired"; that plaintiff is "currently seeking political asylum" out of the country; that he believes defendants have been out of the jurisdiction and defendants should give an account of the time they have been absent from their offices from October 7, 1954, to September 13, 1957.

Appellant predicates his contention that the trial court abused its discretion mainly upon defendants' lack of showing that they were within the jurisdiction during the period in question and could have been served with process; and upon the showing that "all efforts to effect service were futile."

The fallacy of this argument is found in appellant's erroneous assumption that under section 583, Code of Civil Procedure, the burden of proving absence from the state and/or concealment therein is not on the plaintiff or resisting party. The legislative history of section 583, the purpose of its

enactment and the entire context of the section itself make it clear that the burden of making a showing that would reduce the two-year period is on the one resisting the motion. Prior to 1945, the section provided no exception to a dismissal for want of prosecution whenever plaintiff failed for two years after filing his action to bring the same to trial. The provision excluding from the two-year time limit the period during which a defendant was absent from the state, or concealed therein, was added in 1945, and the amendment provided that "where it be shown" defendant has been absent from the state or concealed therein and his whereabouts unknown to plaintiff and not discoverable to plaintiff upon due diligence, the period of absence or concealment shall not be part of the two-year period. From its context it is obvious that the phrase "when it be shown" places the burden of making such a showing on the plaintiff herein. That this interpretation is reasonable is clear when section 583 is read in the light of the inherent power of the trial court to dismiss an action for failure of plaintiff to prosecute with diligence. Any other conclusion would destroy the intent and purpose of the section. In *Netzley* v. *Hillstrom,* 122 Cal.App.2d 417, the court stated at page 421 [265 P.2d 57] : "No excuse is shown for the delay . . . except the statements in the affidavit of counsel for plaintiffs that he was unable to contact his clients and their statement to him that they had not received letters which he had written to them and the further excuse that the defendants had made no objection to the delay in bringing the same to trial. However, the duty rested upon the plaintiffs at every state of the proceedings to use due diligence to expedite the case to a final determination." (*Raggio* v. *Southern Pac. Co.,* 181 Cal. 472, 475 [185 P. 171] ; *Gunner* v. *Van Ness Garage,* 150 Cal.App. 2d 345 [310 P.2d 32].)

The fact that there is no statutory requirement that a notice of motion to dismiss under section 583 be accompanied by affidavit (*Simonini* v. *Jay Dee Leather Products Co.,* 85 Cal.App.2d 265, 267 [193 P.2d 53]) lends support to the theory that the burden is on the plaintiff or resisting party to make a showing that would excuse the delay or reduce the period of time disclosed by the record to have elapsed since the filing of the action. Such a view is upheld under section 581a, in *Wilson* v. *Leo,* 19 Cal.App. 793, at page 797 [127 P. 1043] : "the *plaintiffs* might successfully resist a motion to dismiss made for want of service of summons *by showing* that

defendant was absent from the state or concealed herself to avoid service.'' (Emphasis added.)

It appears to us therefore that, if plaintiff resisted defendants' motion on the ground that they were out of the state or concealing themselves therein during the two-year period, the burden was upon him to bring his case within the exception. In any event, the record before us discloses no adequate showing that defendants were in fact absent from, concealed themselves therein or out of, the jurisdiction during the period in question. ''The fact that the court believed the averments of respondent and rejected those of appellant is shown by the decision which, in turn, demonstrates there was no abuse of discretion. (*Morton* v. *Morton*, 117 Cal. 443, 446 [49 P. 557].)'' *Paulekas* v. *Paulekas*, 117 Cal.App.2d 73, 77 [254 P.2d 941].

It is conceded that, after filing the complaint, service was not effected until almost three years later. Appellant places considerable reliance on the ''Affidavit of Louis Laine.'' Although appellant herein contends that through inadvertence the document was not notarized and not until this appeal did he discover this fact, it is nonetheless true that it appeared to the trial judge as an unsworn statement not made under the penalty of perjury (Code Civ. Proc., § 2015.5). Whether he did so, as suggested by respondents, the trial judge under those circumstances would have been justified in ignoring it. If, however, he considered the statement in determining any factual conflict created by it and the affidavits, he had not only the right but the duty to pass upon the credibility of those executing the same and weigh the evidence submitted therein; and implicit in his ruling is the finding that between October 7, 1954, and September 13, 1957, defendants were accessible for personal service. Whether, because plaintiff was ''currently seeking political asylum'' in another jurisdiction, plaintiff's counsel deliberately delayed as long as he could within the three-year period to serve defendants, or made only token effort to effect service because of plaintiff's absence, we cannot determine, but one wonders upon reading all of the statements why, if a real effort was made to serve defendants during the critical time, it was so casually and informally attempted by Mr. Laine and others, and why plaintiff's attorney so long tolerated the admitted ''futile'' efforts of his process servers to effect service. It occurs to us that, when the three-year period had almost expired and counsel actually wanted to have defendants served, he then employed the marshal who

immediately effected service on one defendant the day plaintiff employed him, and on the other three days later. Indeed the trial court was justified in believed that defendants during the period in question were accessible for service, that plaintiff made no real effort to serve them until almost the expiration of the three-year period and that plaintiff's delay was inexcusable and wholly dilatory.

Any suggestion that upon the filing of the complaint defendants knew of its existence and could have responded if so inclined completely ignores the policy of the law embodied in section 583. It is the duty of a plaintiff to act, and to act with reasonable promptness and diligence, and defendant need make no move until the law requires him to do so "in response to the movements of plaintiff at the various stages of the litigation." (*Gray* v. *Times-Mirror Co.*, 11 Cal.App. 155, 164 [104 P. 481]; *Gunner* v. *Van Ness Garage*, 150 Cal.App. 2d 345 [310 P.2d 32].)

Appellant has relied upon various authorities declaring what constitutes an abuse of the trial court's discretion under section 583. The rules cited therein have general application but the factual situations involved bear little or no relation to that at bar, but it is clear even from these authorities that each holding depends upon "the facts of the particular case." (*Raggio* v. *Southern Pac.*, 181 Cal. 472, 475 [185 P. 171]; *Ordway* v. *Arata*, 150 Cal.App.2d 71, 75 [309 P.2d 919].)

The trial court in the exercise of its discretion could properly consider the absence of plaintiff from the state and defendants' need for his testimony as a witness (*Gurst* v. *San Diego Transit System*, 119 Cal.App.2d 51, 53 [258 P.2d 1109]) and although it is unnecessary for defendants to make any showing of a meritorious defense or injury imposed by the delay (*Hibernia Sav. & Loan Soc.* v. *Lauffer*, 41 Cal.App.2d 725 [107 P.2d 494]; *Gray* v. *Times-Mirror Co.*, 11 Cal.App. 155, 163 [104 P. 481]; *Jackson* v. *De Benedetti*, 39 Cal.App.2d 574, 577 [103 P.2d 990]) since "(T)he law will presume injury from unreasonable delay," nevertheless the trial court was also free to consider such matters.

It is incumbent on appellant to show that there has been an abuse of discretion exercised by the lower court under section 583 (*Gurst* v. *San Diego Transit System*, 119 Cal.App. 2d 51 [258 P.2d 1109]; *Hillsdale Builders Supply Co.* v. *Eichler*, 109 Cal.App.2d 117, 118 [240 P.2d 343]) and on the record before us we find none. The record throughout shows a lack of diligence which the law requires of every plaintiff.

Appellant's last contention that "the statute in question, to wit, section 583 CCP is relegated to 'dismissal for delay in trial' and not for failure to effect service within the three year provision" simply amounts to the argument that since plaintiff, under section 581a, has three years, after filing thereof, within which to effect service of the complaint and, since he served defendants within that period, the court cannot dismiss the case for failure to bring it to trial within the two-year period under section 583, when the defendants could not be served within that time. The assumption made by appellant in advancing his position that defendants "could not be served with summons and complaint" is not supported by the record. On the contrary, it discloses that defendants were available for service during the period in question. In support of his theory that section 581a, providing for mandatory dismissal if summons and complaint is not served within three years, controls section 583, providing for discretionary dismissal for failure to bring the case to trial within two years after filing the action, appellant cites various authorities holding that "the headnote of statutes are integral parts of the code itself." We deem them inapplicable to the point involved here. If he claims he had three full years to serve the summons and complaint and no part of his delay can be held against him on a motion to dismiss under the two-year statute (§ 583), this contention is as much without merit as any claim that section 581a providing the three-year statute for service controls the two-year statute for bringing the action to trial. For either argument, plaintiff has no statutory or other support.

Appellant has directed our attention to the recent Supreme Court case of *Wyoming Pacific Oil Co.* v. *Preston*, 50 Cal.2d 736 [329 P.2d 489]. Therein the plaintiff, just prior to the expiration of the three-year period under section 581a, Code of Civil Procedure, obtained an order for publication of service, the trial court having specifically found and recited therein that during the last days of the three-year period defendant Bush had concealed himself to avoid service of summons and complaint. Seven days after the three-year period expired Bush was personally served. Upon his motion the lower court dismissed the action under section 581a. The Supreme Court reversed the order of dismissal and held that, since the order for publication had not been vacated or set aside, the trial court had therein made a finding Bush had concealed himself and he was personally served within a rea-

sonable time after the trial court made its finding and order for publication, it abused its discretion under section 581a for plaintiff was denied a reasonable opportunity to effect service of process following the judicial determination that Bush had been concealing himself.

The court also discussed the mandatory language of section 583, Code of Civil Procedure, requiring the dismissal of actions not brought to trial within *five* years after being filed, and the trial court's discretion under this section to prevent it from being used to compel the dismissal of actions where the plaintiff has not had a reasonable opportunity to proceed to trial. It is obvious that this case has little application to the situation at bar, in which from the record it is clear there was no absence from the State, or concealment therein, and plaintiff has had a reasonable opportunity during the two-year period to serve defendants and proceed to trial.

*Witter* v. *Phelps*, 163 Cal. 655 [126 P. 593], cited by respondents, although decided at a time when section 583 provided for the start of the two-year period "after answer is filed," before the 1933 amendment changing it to "after action is filed," is of particular interest. In that case, no answer had yet been filed when defendant moved to dismiss under section 583 on the ground of long and unnecessary delay in service and want of prosecution by plaintiff. The service had been made within the three-year period provided in section 581a, but up to the time the motion was made, the two years had not started to run under section 583 since no answer had been filed. The court upholding the dismissal declared, at page 656, that the effect of the three-year provision of section 581a "did not affect the discretionary power of the court to dismiss for undue delay in issuing or serving summons, even though the delay had been for a shorter period than that named in the statute." The case at bar is much stronger on this issue because although service was made within the three-year period, the delay in bringing the action to trial was greater than the two-year period provided in section 583. Equally persuasive is the case of *Jackson* v. *De Benedetti*, 39 Cal.App.2d 574 [103 P.2d 990], in which the court held that section 581a and 583 are consistent and that the first clause of section 583 is not controlled by the mandatory provisions of that section or by section 581a. Therein the complaint was filed May 19, 1937, and served May 12, 1939. On June 29, 1939, defendants moved to dismiss the action for want of diligence in prosecution. On appeal from the order

of dismissal, the court stated at page 579: "There is no inconsistency between sections 581a and section 583. The latter starts the time running from the filing of the action and is not limited by the filing of a demurrer or answer. The first clause of section 583 stands by itself as conferring discretionary power to dismiss under the circumstances therein stated. This power is not controlled by the succeeding mandatory provisions of that section, nor by the provisions of 581a which would permit the court to retain jurisdiction after defendant's appearance, if no objection were made."

For the foregoing reasons the order and judgment and each of them is affirmed.

White, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied December 12, 1958, and appellant's petition for a hearing by the Supreme Court was denied January 14, 1959.