[Civ. No. 24008.   Second Dist., Div. Three.   Apr. 28, 1960.]

VIRGINIA ATKINSON, as a Taxpayer, etc., Appellant, v. COUNTY OF LOS ANGELES et al., Defendants; ANDREW V. HOHN, Respondent.

George W. Trammell and Weberg & Bowman for Appellant.

Parker, Stanbury, Reese & McGee and Raymond G. Stanbury for Respondent.

FORD, J.—This is an appeal from an order dismissing an action under the provisions of section 583 of the Code of Civil Procedure.

The portion of section 583 pursuant to which the motion of defendant Andrew V. Hohn was granted is as follows: "The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial. . . ."

The material facts are these:

1. On October 24, 1955, there was filed the complaint of the plaintiff, "as a taxpayer of the Bellflower Garbage Disposal District of the County of Los Angeles, State of California, and on behalf of all other taxpayers of said District and County."

2. On November 8, 1955, the general and special demurrer of defendant Hohn to the complaint was filed.

3. On November 18, 1955, the demurrer was sustained to the first and second counts[1] and overruled as to the third. In the third cause of action, the plaintiff sought to enjoin the Bellflower Garbage Disposal District from making any further payments under a contract which, the plaintiff alleged, was void because of the interest therein of Herbert C. Legg, a member of the governing body of the district, arising out of a prior agreement for the payment by Hohn to Legg of a sum of money in the event Hohn should obtain such contract. The allegation with respect to such prior agreement and consequent interest was made upon information and belief. There was a further allegation, which was also made upon information and belief, that Hohn had testified before the grand jury that such agreement had been made through an employee in Legg's office, designated in the complaint as "the Chief Deputy of said Supervisor Legg."

4. On November 29, 1955, the answer of defendant Hohn to the third cause of action was filed. He denied that there had been a prior agreement as alleged by the plaintiff. With respect to the allegations as to his testimony before the grand jury, it is sufficient for the purposes of this appeal to note that in his answer Hohn alleged that he had testified before the grand jury that he had agreed to pay a sum of money to one George Turner, who is identified as a person "assigned to Herbert C. Legg's office, with the title of Chief Deputy," but he denied that there was any agreement that the money would be paid to Legg.

5. On December 9, 1955, the answer of the district, the County of Los Angeles and certain public officials was filed,

---

[1] In the opening brief of the appellant the nature of each of the first two counts is thus summarized: "In said first count the plaintiff claimed that the Bellflower Contract was void and unenforceable and asked the court to determine the validity of the contract and to declare the rights of the parties thereunder. . . . In the second count of her original complaint, the plaintiff alleged that in view of the aforesaid testimony of the defendant Hohn before the County Grand Jury . . . the defendant Hohn could not qualify within the provisions of Sec. 4121 of the Health and Safety Code governing the awarding of garbage disposal contracts to a 'responsible' bidder." It is further stated therein: "Inasmuch as there were no allegations in the original complaint of any such demand being made on the county counsel or of his refusal to bring such an action, the general demurrer of the defendant Hohn to the first and second causes of action in the original complaint was properly taken."

the defendants so appearing being represented by the County Counsel.

6. On May 24, 1956, there was filed on behalf of the appellant an "Amendment to Complaint and Supplemental Complaint." The additional relief asked pursuant thereto was the recovery from Hohn of $136,427.67 and all other sums of money paid to him under the contract with the district.

7. On July 16, 1956, there was filed an "Amended 'Amendment to Complaint and Supplemental Complaint.' "

8. On July 24, 1956, the answer of defendant Hohn to the pleading of the plaintiff last mentioned was filed.

9. On August 14, 1956, the district and the county and certain public officials filed their answer to the pleading of the plaintiff last mentioned.

10. On September 5, 1957, a request to set the case for trial was filed on behalf of the plaintiff. Pursuant thereto, the pretrial conference was set for November 5, 1958, and the trial for December 3, 1958.

11. On October 10, 1958, the defendant Hohn filed a notice that on October 15, 1958, he would make a motion for an order dismissing the action for lack of diligent prosecution pursuant to the provisions of section 583 of the Code of Civil Procedure. In support of, and in opposition to, such motion, certain affidavits were filed which will be hereafter summarized.

12. On November 3, 1958, after the matter had been taken under submission by the court, the motion was granted.

In support of the motion, two affidavits of Raymond G. Stanbury, one of the attorneys for the moving party, were received. Therein, Mr. Stanbury stated as follows: No request to have the matter set for trial was made until August 27, 1957. In an unsigned deposition, Legg had testified that he had received no money, knew nothing of the payment of any money, and was ignorant of any transaction between Hohn and Turner. Legg and Turner were witnesses "whose testimony was vital and indispensable concerning the sole issue in the case." Turner died on February 2, 1958. Legg died on March 27, 1958. On February 23, 1956, in the calendar department of the superior court the defendant Hohn "answered ready for the trial of this action . . . the action then being set for trial on that day and notice of trial having been duly given." All other defendants "likewise answered ready for trial." But the plaintiff moved for a continuance upon the ground that another person had indicated an intention

of filing another action, similar to the present action, and had requested the county counsel to do so. Over the opposition of defendant Hohn, the motion was granted and the trial was continued to May 21, 1956, "for the reason as stated by the Presiding Judge, that the trial date of February 23, 1956, was earlier than a normal setting even for a case entitled to preferential setting, as this one then was." No such further action was ever filed. On the next day after the continuance, the defendant Hohn filed in the District Court of Appeal a petition for a writ of mandate directing the presiding judge of the superior court to reset the action for immediate trial. The writ was denied. On May 21, 1956, the action "went off calendar, subject to the thirty day rule, and so remained for one year and three months, at which time, on August 27, 1957, plaintiff for the first time filed a request for setting."

The affidavit of Wm. E. Lamoreaux, assistant county counsel, was also filed in support of the motion. After setting forth the filing of certain pleadings and the dates thereof, he stated: On February 22, 1956, a letter signed by Robert D. Boggs and Lakewood-Bellflower Citizens Committee was addressed to the county counsel demanding that an action be brought against Hohn to recover monies paid to him under certain contracts, including that involved in the present action. On April 17, 1956, the county counsel declined to do so. A copy of his letter to Robert D. Boggs was attached to the affidavit. No further request or suggestion that such an action be instituted was made. On November 30, 1955, Mr. Lamoreaux had a conference with the attorneys who were then representing the plaintiff and told them that the position of those whom he represented was that the contract was a valid contract. On or about April 16, 1956, after the action had been set for trial on May 21, 1956, one of the attorneys for the plaintiff informed Mr. Lamoreaux that the case would not go to trial on May 21. On the latter date, the trial "was placed off calendar at the request of plaintiff's counsel."

Affidavits of Geo. W. Trammell, one of the attorneys for the plaintiff, were filed in opposition to the motion. After stating that no amendments were offered by the plaintiff as to the first and second counts of the complaint after the demurrer of defendant Hohn was sustained thereto, he continued in the first affidavit as follows: By the third cause of action, the plaintiff sought to restrain the making of any further payments under the contract. The contract expired

by its own terms on June 30, 1956. The county counsel represented all of the defendants other than Hohn "and during the lifetime of said contract was appearing in this action in support of said contract." On July 16, 1956, and subsequent to the expiration of the contract, and after the third cause of action was "moot," the plaintiff filed her "Amended 'Amendment to Complaint and Supplemental Complaint'" wherein she sought to recover for the district from Hohn all sums of money paid to him under the contract. That when the plaintiff made her request on August 27, 1957, that the case be set for trial, the case was not entitled to preference as to setting. The delay in bringing the action on for trial thereafter was "due solely to the congestion of the calendar" of the trial court. In his further affidavit, Mr. Trammell set forth at some length factual matters bearing upon the merits of the action. He further stated that the "Amended 'Amendment to Complaint and Supplemental Complaint'" was not filed until demand had been made upon the county counsel that he file suit against Hohn for the recovery of all sums of money paid to him under the contract and the county counsel had refused to do so. He then continued: "That after this action was at issue as aforesaid, Plaintiff temporarily refrained from bringing this action on for trial in the hope and expectation that the County Counsel of Los Angeles County would, in accordance with the duty imposed upon him by law, file suit for the recovery of said monies from the Defendant Andrew V. Hohn and thus relieve Plaintiff of the burden of prosecuting this action. That when it finally became evident to the Plaintiff that the County Counsel was not going to take any action for the *recovery* of said monies from the Defendant Andrew V. Hohn, she, on August 27, 1957, served upon the defendants, and filed with the Clerk of the above-entitled Court, her Memorandum for Setting the above-entitled action for trial. That none of the defendants have made *any* objections to the setting requested by Plaintiff.

"That on or about August 30, 1957, the Defendant Andrew V. Hohn filed herein his Demand for Jury Trial."

The sole issue on this appeal is whether the trial court abused its discretion in dismissing the action. The discretion was that of the trial court and the exercise thereof will not be disturbed except in cases of manifest abuse. (*Hayashi* v. *Lorenz*, 42 Cal.2d 848, 851 [271 P.2d 18].) The trial court was bound to consider whether the plaintiff had had a reasonable opportunity to bring the action to trial and had

discharged the duty imposed upon every person who files an action to prosecute it with reasonable promptness and diligence. (*Bonelli* v. *Chandler,* 165 Cal.App.2d 267, 270 [331 P.2d 705].) ▬ The fact that the motion for dismissal was made after a date of trial had been set pursuant to the request filed on September 5, 1957, did not, in and of itself, preclude the granting of the motion. (*Simonini* v. *Jay Dee Leather Products Co.,* 85 Cal.App.2d 265, 269 [193 P.2d 53].) Nor, of course, does the fact that upon the filing of such request, defendant Hohn filed a demand for trial by jury. (See *Netzley* v. *Hillstrom,* 122 Cal.App.2d 417, 421 [265 P.2d 57].) Each case must be viewed in the light of its own factual situation.

▬ The supplemental affidavit of Mr. Stanbury shows that the action was set for trial on two occasions in 1956, the first being on February 23, when the matter was continued upon the motion of the plaintiff, and the second being on May 21. The affidavit of Mr. Lamoreaux states that on May 21, 1956, the trial of the action was placed off calendar at the request of counsel for the plaintiff. Even after the action was again at issue after August 14, 1956, when the answer to the ''Amended 'Amendment to Complaint and Supplemental Complaint' '' was filed on behalf of the defendants represented by the county counsel, the plaintiff waited until September 5, 1957, before filing her request that the matter be set for trial. In the quotation from Mr. Trammell's affidavit which has been set forth hereinabove, an excuse for the delay appears to be offered. In substance, it is that after the ''Amended 'Amendment to Complaint and Supplemental Complaint' '' and the answer thereto of the defendants represented by the county counsel were filed, the plaintiff refrained from bringing the action on for trial in the hope and expectation that the county counsel would file an action for the recovery of monies from Hohn ''and thus relieve Plaintiff of the burden of prosecuting this action.'' But the inference to be drawn from the affidavit of Mr. Lamoreaux is that there was no reasonable basis for such hope or expectation. Before a trial date was thereafter reached, Mr. Legg died on March 27, 1958. The importance of having him available as a witness is, of course, obvious because the essential issue in the case was whether or not he had a tainted interest in the contract at the time he participated as a member of the governing body of the district in the award of the contract to Hohn. (*Schaefer* v. *Berinstein,* 140 Cal.App.2d 278, 289-290 [295 P.2d 113].)

474

Turner likewise was a key witness. He died on February 2, 1958, before the death of Mr. Legg.

"In considering an appeal from an order which is based on affidavits and which involves the determination of a question of fact, an appellate court is bound by the same rule that controls where oral testimony is presented for review, namely: (1) if there is any conflict in the affidavits, those favoring the prevailing party are accepted as true; and (2) since all intendments are in favor of the action taken by the lower court, the affidavits in behalf of the successful party are deemed not only to establish the facts directly stated therein, but all facts reasonably to be inferred from those stated. (*Doak* v. *Bruson,* 152 Cal. 17 [91 P. 1001]; *West Coast Securities Co.* v. *Kilbourn,* 110 Cal.App. 293, 297 [294 P. 57].)" (*DeWit* v. *Glazier,* 149 Cal.App.2d 75, 81-82 [307 P.2d 1031]; see *Cameron* v. *Cameron,* 110 Cal.App.2d 258, 261 [242 P.2d 408].)

There was no abuse of discretion on the part of the trial court. The order is affirmed.

Shinn, P. J., and Vallée, J., concurred.