[Civ. No. 14849. First Dist., Div. Two. Feb. 5, 1952.]

HILLSDALE BUILDERS SUPPLY COMPANY (a Corporation), Appellant, v. JOSEPH EICHLER et al., Respondents.

Waldier & Truce and Marvin J. Colangelo for Appellant.

Cushing, Cullinan, Duniway & Gorrill for Respondents.

NOURSE, P. J.—On this appeal from an order dismissing the action for want of prosecution the only question presented is whether the trial court abused its discretion in making the order. The action was commenced on May 13, 1948, in a complaint against Eichler and several John Doe defendants alleging an oral promise of the defendants to answer for the debt of the corporate defendant, Gamel, Inc. On June 30, 1948, the court sustained defendants' demurrer to this complaint. On July 15, 1950, an amended complaint was filed naming two corporate defendants which were alleged to have obtained the assets of Gamel, Inc. by successive transfers on which theory plaintiff sought to bind them on the antecedent oral promise of Eichler to answer for the debt of Gamel, Inc. To this amended complaint the defendants demurred and moved to strike at the same time the motion to dismiss was made. Action was taken on the motion to dismiss only.

Defendants' motion was based on section 583 of the Code of Civil Procedure which reads in part: "The court may in

its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial. . . '' ■ The cases are uniform in holding that when the trial court dismisses an action under this section the ''discretion'' mentioned therein is the discretion of that court, and not that of a reviewing court. ■ It is equally true that the action of the trial court will not be disturbed except on a showing of a manifest abuse of such discretion. *Grass* v. *Rindge Co.*, 84 Cal.App. 750, 763 [258 P. 673]; *Steinbauer* v. *Bondesen*, 125 Cal.App. 419, 426-427 [14 P.2d 106]; *Burbank* v. *Continental Life Ins. Co.*, 2 Cal.App.2d 664, 667 [38 P.2d 451]; *Simonini* v. *Jay Dee Leather Products Co.*, 85 Cal.App.2d 265, 268 [193 P.2d 53].

The only excuse for the delay of more than two years in filing the amended complaint is that plaintiff's counsel was engaged in research to determine the liability of other corporate defendants. This appears rather facetious. The new parties were joined on the theory that years after the alleged oral promise of defendant Eichler these corporations had obtained some of the corporate assets of the original defendant. If they were proper parties to the main action they could have been substituted at any time for the John Does sued in the original complaint. It did not require two years for counsel to determine that fact. The amended complaint is clearly a sham. It does not cure any of the defects of the original to which the demurrer was sustained. The only allegations well pleaded set up new causes of action which are not germane to the original cause of action.

The applicable rule governing an appeal of this character is found in 9 California Jurisprudence, page 529 which reads: ''No fixed or certain rule can be laid down as to the circumstances which will justify a court in exercising its discretion in dismissing an action on the ground of want of prosecution, for the obvious reason that no two cases present precisely the same facts. The exercise of this power must in the very nature of things be left to the discretion of the nisi prius court, subject only to a reversal for a patent abuse of such discretion.''

It would be inconsistent with all the authorities if we were to deny the discretion of the trial court under the circumstances shown here.

Order affirmed.

Goodell, J., and Jones, J. pro tem., concurred.