[Civ. No. 25855.   Second Dist., Div. Three.   Aug. 31, 1962.]

LILLIE BELL FINLEY, Plaintiff and Appellant, v. CHARLES W. PERRY, as Executor, etc., Defendant and Respondent.

J. B. Mandel and Herman Friedman for Plaintiff and Appellant.

Wellborn, Barrett & Rodi and Gyte Van Zyl for Defendant and Respondent.

FILES, J.—Plaintiff appeals from a judgment dismissing the action for failure to prosecute.

Section 583 of the Code of Civil Procedure provides in part: ''The court may in its discretion dismiss any action

for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial. . . ."

"The discretion is that of the trial court and it will be disturbed only in cases of manifest abuse." (*Hayashi* v. *Lorenz,* 42 Cal.2d 848, 851 [271 P.2d 18].)

We set forth hereinafter the circumstances which were before the trial court when it heard and granted defendant's motion to dismiss.

The action was filed October 11, 1957. The complaint alleged that plaintiff had been a close friend and nurse of Ella Thompson, deceased; that the deceased had promised, in consideration of plaintiff's services, to leave her home to plaintiff. In 1950 the decedent had made a will leaving her home on Washington Street, in Pasadena, to plaintiff. In 1957 this home was sold when it was about to be condemned for school purposes, and with the proceeds the decedent purchased another home on Navarra Street. However, the decedent did not change her will after having sold the Washington Street home.

The complaint was in three causes of action. The first was for specific performance of an oral agreement to leave property by will, the second was for money due under an oral agreement with the decedent, and the third was in *quantum meruit* for services rendered. The defendants were the executor, one beneficiary identified by name and five fictitiously named defendants described as heirs at law. The defendants sued under fictitious names were not served with process and were dismissed at the pretrial.

On April 1, 1959, when the case was about to go to trial, but before trial, the parties and their attorneys agreed upon a settlement. The action was then placed off calendar. This settlement, which was confirmed by a letter signed by plaintiff, provided that through an escrow plaintiff would receive a conveyance of the Navarra Street home, which was appraised at $7,000, and pay to the estate $3,000 cash. Plaintiff was to borrow $4,000, using the house as security, to provide the necessary funds for the $3,000 payment, attorney's fees and other expenses. The probate court authorized the executor to carry out this compromise.

When the escrow and loan papers were prepared plaintiff refused to sign them. From that time on it appears that she refused to have any further communication with her attorney except to send him one letter. This letter, dated September 13, 1959, stated in part: "To sign those papers I would

not be true to myself, because I don't have to sign for someone to take what rightfully belong to me. Now if they just take it that is another thing. So as for me you may just figure me out of the picture and do as you wish, and to all that receive any of the money I hope it bring happiness to them.''

Plaintiff's attorney authorized the executor's attorney to try to persuade plaintiff to carry out the agreement. The executor's attorney states in his affidavit: ''Plaintiff stated that she would not sign the papers in escrow, that she would not sign a dismissal of the lawsuit because she would not sign anything, and that she did not intend to proceed to trial.''

The executor then petitioned the probate court for instructions and plaintiff was cited to appear as a witness. When questioned by her counsel and by the court (the transcript is in the record), her statements were not altogether coherent, but she did make it clear that she would not sign the escrow instructions and complete the settlement. The probate court thereupon instructed the executor to withdraw from the compromise and seek dismissal of the civil action.

On December 23, 1959, the executor filed a notice of motion to dismiss the action on the ground that it had not been brought to trial within two years. This motion went off calendar at the request of counsel.

On March 13, 1961, the case again came on for pretrial. The judge was not satisfied with the pretrial statement and continued the matter to May 17, 1961.

On March 17, 1961, defendant filed a new notice of motion to dismiss, supported by affidavits describing what had happened. Plaintiff's attorney filed a counteraffidavit in which he disclosed that his client had been offered a cash settlement of $4,500, but she had refused it. In an effort to save the lawsuit plaintiff's attorney petitioned for the appointment of a guardian *ad litem.* This petition had not been acted upon at the time of the dismissal, but was denied later in another department because there was no showing that plaintiff was incompetent.

In support of the motion to dismiss, defendant argued that in this action the court could not enforce the alleged contract to leave the home to plaintiff because the heirs at law, who would otherwise be entitled to distribution, were necessary parties defendant, citing *Bank of California* v. *Superior Court,* 16 Cal.2d 516 [106 P.2d 879]. The terms of the will are not in the record, but plaintiff's attorney did not

dispute defendant's statement. He asked that plaintiff be allowed to go to trial on her other causes of action for the value of services rendered. No affidavit of plaintiff herself was offered.

On this record the trial court, hearing the motion to dismiss, could reasonably have concluded that plaintiff desired to recover the home but could not do so in this action because of absence of necessary parties, that she was unwilling to compromise, that she did not want a monetary recovery, and that she was unwilling to cooperate with her counsel either to prepare for trial or to dismiss voluntarily. We conclude that it was not an abuse of discretion to grant the motion and dismiss the action.

The judgment is affirmed.

Shinn, P. J., and Ford, J., concurred.