[Civ. No. 26610. Second Dist., Div. One. Feb. 4, 1963.]

ABNER CORPORATION, INC, Plaintiff and Appellant, v. ALFRED LUSHING et al., Defendants and Respondents.

Sylvan Y. Allen and Max Mayer for Plaintiff and Appellant.

Sandler & Rosen and Nelson Rosen for Defendants and Respondents.

FOURT, J.—This is an appeal ''from that certain Order or Judgment of Dismissal made and entered . . . on March 8, 1962 . . . and . . . from that certain Order made and entered . . . on April 19, 1962, refusing to vacate the said Order of the Dismissal hereinabove referred to. . . .''[1]

On *September 13, 1957*, defendants filed a demurrer and also a notice of motion to transfer the action to the Santa Monica Branch Department of the Superior Court of Los Angeles County. Defendants' motion to transfer the action to the branch court was granted on October 2, 1957.

During a period of *more than three years* plaintiff took no action to have the demurrer decided by the court. On *December 7, 1960*, plaintiff filed a first amended complaint.

A demurrer to the first amended complaint was filed on *February 3, 1961*, and overruled on *February 10, 1961*, upon the amendment instanter by interlineation of certain dates set forth in the first amended complaint. Defendants Sidney and Alfred Lushing were granted 15 days to file an answer.

Defendant Sidney Lushing *died on February 16, 1961*, and defendant Alfred Lushing, for himself alone, filed his answer to the first amended complaint on *February 27, 1961*.

On *June 23, 1961*, plaintiff filed its supplemental complaint to the first amended complaint wherein it joined Lillian Lushing, as executrix of the estate of Sidney Lushing, as a party defendant. Although designated as a ''Supplemental Complaint'' it realleged, in addition to the new matters affecting

---

[1]The order of dismissal was predicated upon plaintiff's failure diligently to prosecute under Code Civ. Proc., § 583 (''The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial . . .'').

defendant Lillian Lushing, all of the matters previously alleged in the first amended complaint.

Plaintiff filed a memorandum for setting contested action on July 5, 1961. Therein, among other things, it was asserted that the case was entitled to a legal preference in setting because "Original complaint [was] filed May 9, 1957; therefor [*sic*] this matter should be set for trial within 5 years from said date. (Sec. C.C.P. 583)."

On *July 6, 1961,* defendant Alfred Lushing filed objections to plaintiff's memorandum for setting contested action upon the grounds that: (a) defendant Alfred Lushing had not yet answered the supplemental complaint; (b) defendant Lillian Lushing had not been served with summons and said supplemental complaint and had not filed an answer thereto; and (3) defendant Alfred Lushing "intends to file a motion to dismiss the above action because of the failure of the plaintiff to heretofore bring this action to trial within a reasonable period of time."

Defendant Alfred Lushing filed his answer to the supplemental complaint to the first amended complaint on *July 10, 1961.*

On *August 11, 1961,* plaintiff filed a notice of motion for early setting of pretrial and for date of trial.

On *Auguest 14, 1961,* defendant Alfred Lushing filed a notice of motion to dismiss the action for failure to bring the same to trial within two years. His declaration in support of the motion to dismiss provides in substance as follows:

That the long delay prejudiced defendant in the defense of the action; that the agreement upon which the action is based, as well as other agreements executed concurrently therewith by defendant and his deceased brother (i.e. Sidney Lushing), were and are complex in nature, and were entered into following extensive negotiations between defendants and plaintiff; that the deceased brother personally participated in the negotiations leading up to the execution of the agreement sued upon; that the agreement is ambiguous in certain respects and fails to set forth correctly the intention, understanding and agreement of the parties "as more specifically set forth in the First Additional Defense pleaded in my answer, and by my answer, a reformation of said agreement is requested of the Court, as part of my defense to plaintiff's claim." That "[b]y reason of the delay in bringing this action to trial, and the death of my brother, I have been prejudiced in that I have been deprived of the benefit of his testimony." That subse-

quent to the execution of the agreement sued upon there were additional understandings reached relative to construction of a certain storm drain, the sharing of costs in connection with said storm drain, and a change in the manner of sharing of costs of a certain off-site sewer; that under these additional agreements certain sums of money became due to declarant and his deceased brother and said sums are the subject matter of the third additional defense set forth in the answer to the complaint, as well as in the counterclaim; that the deceased brother also participated in the discussions and understandings reached in connection with said matters, and would have been an important witness in the trial of this case; and that declarant has been prejudiced by reason of the inability to present the deceased brother's testimony in these respects.

On *August 23, 1961,* a declaration of Mr. Sylvan Allen was filed on behalf of plaintiff in opposition to the motion to dismiss. Among other things it was declared that plaintiff, on December 24, 1956, commenced an action against C. S. Chapman in the Superior Court of Orange County (hereinafter referred to as the "Chapman action") whereby plaintiff sought to obtain the release of certain real property, including a parcel of 15.06 acres from a foreclosure sale under a deed of trust; that the foreclosure by Chapman was due to the breach of the agreement of defendants Alfred and Sidney Lushing; that the Chapman action was tried during the month of March 1960 and was decided on March 24, 1960, adversely to plaintiff's claim "and the said real property hereinabove referred to as consisting of 15.06 acres was lost to plaintiff. That the said Chapman decision became final on or about May 28, 1960." That "the instant action seeks to recover damages for the loss of the said . . . 15.06 acres under and by virtue of the Indemnity Agreement set forth in said First Amended Complaint and the Supplemental Complaint on file herein. *That it would have been impractical to have tried the instant action until after the determination of the said Chapman action in that had plaintiff prevailed in said Chapman action and recovered the said . . . 15.06 acres no damages could have been claimed against the defendants in the instant action.*" (Italics added.)

On *August 23, 1961,* a declaration in reply to Mr. Allen's declaration was filed by Mr. Rosen, attorney for defendant Alfred Lushing. Therein Mr. Rosen denied certain statements made by Mr. Allen in his declaration and further asserted *"there was no understanding of any kind or character that the*

*prosecution of the instant case would be suspended or held in abeyance during the time that plaintiff prosecuted the 'Chapman action' referred to in Mr. Allen's declaration. There was no understanding or agreement that the plaintiff would first pursue and prosecute said Chapman action before proceeding in the instant action."* (Italics added.) Mr. Rosen further denied that "Mr. Sandler and I, as the attorneys for the Lushing defendants, 'acquiesced' or 'encouraged' the plaintiff in the prosecution of the Chapman action. We were aware that the Chapman action had been filed, but we had nothing whatsoever to do with requesting the filing thereof or the prosecution thereof." A similar declaration was filed by Mr. Sandler on the same day.

Also on the same day defendant Lillian Lushing, as executrix of the estate of Sidney Lushing, filed her answer to plaintiff's supplemental complaint to the first amended complaint. The executrix' answer "adopts by reference and makes a part hereof as if herein fully set forth at length, each and every denial, admission and allegation contained in the answer thereto and counterclaim of the defendant, Alfred Lushing, filed herein on or about July 10, 1961."

A minute order dated *August 24, 1961,* provides that the motion to dismiss was denied without prejudice to renewal after 60 days. Plaintiff's motion to set the cause for an early pretrial conference and trial was granted.

On *November 27, 1961,* the parties filed a stipulation for continuance of the pretrial conference. Therein it was agreed that the five year period in which to bring an action to trial (Code Civ. Proc., § 583) should be deemed extended by the period of the continuance. However, it was further provided that "the continuance of said pretrial conference and the making of this stipulation shall be without prejudice to whatsoever rights the defendants may now have or hereafter have to claim and contend that plaintiff has failed to prosecute said action with due diligence, or to the objections which defendants have heretofore made to the setting of this case for pretrial or trial, or to the right of defendants to renew the motion heretofore made for a dismissal of this action."

On *December 29, 1961,* defendants renewed the motion to dismiss by filing another notice of motion to dismiss the action for failure to bring same to trial within two years. The motion was noticed for January 11, 1962, and among other things, it was based upon the declaration of Alfred Lushing in support of the motion to dismiss and in opposition to plaintiff's motion

for early setting of trial (i.e. which had been filed August 14, 1961, *supra*); the declaration of Nelson Rosen in reply to the declaration of Sylvan Y. Allen (i.e. which had been filed August 23, 1961, *supra*); and the declaration of Raymond C. Sandler in reply to the declaration of Sylvan Y. Allen (i.e. which had also been filed on August 23, 1961, *supra*).

A minute order dated *January 11, 1962,* indicates that the motion to dismiss was continued.

On *February 7, 1962,* Mr. Sylvan Allen filed a declaration in opposition to the motion to dismiss "supplementing my declaration heretofore filed [i.e. August 23, 1961] in the above matter." He declared in substance that at the hearing on the first motion to dismiss the defendants had stressed the fact of the untimely demise of Sidney Lushing and the inability to have available the testimony of Sidney Lushing to support the defense of the action pending; that "declarant stated to the Court that he is willing to accept any prepared statement which sets forth the proposed testimony of the demised Sidney Lushing subject only to the grounds of irrelevancy, immateriality or hearsay, and that the counsel for the defendants may submit such statement. . . ." That the reluctance of counsel for the defendants to avail themselves of the opportunity to submit such a statement of the testimony of Sidney Lushing "removes any contention that his death has resulted in any predudice or injury to defendants in their ability to prove any defense to this action."

On the same day a declaration of A. L. Gindling (president of plaintiff corporation) was filed in opposition to the motion to dismiss. He declared that he had "negotiated with the . . . defendants in connection with all of the subject matters set forth in said complaint and in the respective answer filed herein by and on behalf of the defendants"; he declared further, *"my dealings and transactions in connection with said subject matters have been almost exclusively with the defendant, Alfred Lushing, and that it is my present best recollection that whenever the declarant herein dealt with said subject matters the said Alfred Lushing was present and said Alfred Lushing was cognizant at all times of all the negotiations, dealings and conversations respecting said subject matters and each of them and therefore [is] able and competent to testify thereto."* (Italics added.)

On the same day an additional declaration of Nelson Rosen in support of the renewed motion to dismiss was filed. The gist of this declaration was to show why the defendants could

not prepare a statement of Sidney Lushing's proposed testimony. The same is true of the additional declaration of Raymond Sandler in support of the renewed motion to dismiss which was filed the same day.

On *February 16, 1962,* a declaration of Alfred Lushing in reply to the declaration of A. L. Gindling was filed. The content of this declaration was to refute Mr. Gindling's assertions that declarant (i.e. Alfred Lushing) "was cognizant at all times of all the negotiations, dealings and conversations respecting said subject matters and each of them and therefore [is] able and competent to testify thereto." Mr. Lushing then declared that he was not in a position to prepare a statement of Sidney Lushing's proposed testimony.

On *February 28, 1962,* Mr. Sylvan Allen filed a supplementary declaration in opposition to the motion to dismiss. In this declaration Mr. Allen first set forth the chronology of events from May 14, 1957 (date complaint was filed) to October 27 (*sic*), 1957 (date defendants' motion to transfer the action to the Santa Monica Branch of the Superior Court was granted, Oct. 2, 1957). Mr. Allen declared that "approximately five and one-half months transpired from the filing of the complaint to the date on which the said motion to transfer said action was granted and that all of said time was so consumed at the instance of defendants." Mr. Allen then stated that "the action brought by plaintiff against the Chapman family was pending and the same did not terminate until March 1960. Thereafter plaintiff's counsel [i.e. declarant] was determining the advisability of appealing the judgment rendered in the said Chapman family action in favor of the Chapman family and against said plaintiff; that the said judgment did not become final until the latter part of May 1960. That declarant was busy with numerous court matters that had been set for trial between the 1st day of April, 1960, to the date of the filing of the Amended Complaint in December 1960. That in the meantime declarant had to spend considerable time in reviewing the files of both the Chapman and the above action so as to prepare an Amended Complaint setting forth the damages sustained by plaintiff, including the study of the objections presented by the defendants in the form of their Demurrer in the above action." Declarant then set forth a chronology of events beginning December 5, 1960 (*sic*) (i.e. December 7, 1960) when the first amended complaint was filed.

A declaration of Nelson Rosen in reply to the supplementary

declaration of Sylvan Allen, *supra,* was filed on *March 5, 1962.* It was declared among other things that the ''delay of which defendants complain is the failure of the plaintiff to take any action whatsoever herein from October, 1957, when an order was made transferring this case to Santa Monica, until December 8, 1960, when plaintiff filed herein an amended complaint.'' On the same day a declaration of Raymond Sandler in reply to the supplementary declaration of Sylvan Allen was filed. Among other things, declarant denied that he had a conversation with Mr. Allen on October 27, 1957, or at any other time, in which he agreed that the demurrer filed by the defendants to the plaintiff's original complaint could go off calendar and that nothing further would be done in these proceedings until the determination of the Chapman action in Orange County.

The motion of the defendants for an order to dismiss the action pursuant to Code of Civil Procedure section 583 was granted by minute order dated *March 8, 1962.*

On *April 6, 1962,* plaintiff filed a notice of motion to vacate the order of dismissal of the action and for reconsideration of defendants' motion to dismiss the action. The notice of motion stated that the motion ''will be made upon all the records, papers, pleadings, files, affidavits and declarations and Points and Authorities heretofore filed by plaintiff in opposition to the motion of defendants for a dmismissal [*sic*] of the above action, and upon the declarations of Sylvan Y. Allen and A. L. Ginding [*sic*], and the Points and Authorities filed and served herewith.''

The declaration of Sylvan Allen in support of the motion to vacate the order dismissing the action, and for reconsideration of defendants' motion for dismissal of the action, was in large measure repetitious of previously filed declarations (i.e. necessary to have determination of Chapman action before proceeding with within action; suspension of proceedings in the within action was done with knowledge, consent and approval of Mr. Sandler, attorney for defendants; and that Mr. Sandler was thoroughly familiar with the discussions, conversations and transactions between Alfred Lushing, Sidney Lushing, Mr. Gindling and Mr. Edelberg ''and that his present position that he does not know what Sidney Lushing would testify to, is not consistent with the knowledge and information he possessed at the time the agreement was being negotiated and finally formalized in the written Agreement of February 7, 1955; particularly when he participated in these negotia-

tions and played a prominent role in the preparation and execution of the written Agreement of February 7, 1955.'') Declarant further asserted, for the first time, that he was suffering from ulcers. He advanced this as a reason for the six-month delay between the termination of the Chapman action and the filing of the first amended complaint.

Mr. A. L. Gindling's declaration in support of the motion to vacate the order dismissing the action, and for reconsideration of defendants' motion for dismissal of the action is likewise repetitious of his previously filed declaration (i.e. that Alfred Lushing and Attorney Sandler had all the necessary information to prepare a statement of Sidney Lushing's testimony).

On April 18, 1962, Mr. Rosen and Mr. Sandler each filed a declaration in opposition to plaintiff's motion to vacate the order dismissing the action.

By minute order dated April 19, 1962, plaintiff's motion for order vacating the order dismissing action and for reconsideration and determination of motion of defendants to dismiss action made on March 8, 1962, was denied. The within appeal followed.

The essence of this appeal is that the trial court abused its discretion when it dismissed the within action for plaintiff's failure diligently to prosecute under Code of Civil Procedure section 583.

It is established that the discretion to dismiss is that of the trial court and it will be disturbed only in cases of manifest abuse. (*Finley* v. *Perry,* 207 Cal.App.2d 363 [24 Cal. Rptr. 308] ; *Hillsdale Builders Supply Co.* v. *Eichler,* 109 Cal. App.2d 117, 118 [240 P.2d 343].)

In an attempt to demonstrate an abuse of discretion, plaintiff has failed to consider the scope of appellate review in considering an appeal from an order granted on a motion based on conflicting declarations. Where there is a substantial conflict in the facts stated, the determination of the controverted facts by the trial court will not be disturbed. (*Griffith Co.* v. *San Diego College for Women,* 45 Cal.2d 501, 508 [289 P.2d 476, 47 A.L.R.2d 1349] ; *Emsco Pavement etc. Corp.* v. *City of Los Angeles,* 176 Cal.App.2d 760, 766 [1 Cal.Rptr. 814] ; *Bonelli* v. *Chandler,* 165 Cal.App.2d 267, 270 [331 P.2d 705].) The declarations in behalf of the respondents are deemed not only to establish the facts directly stated therein but all facts reasonably to be inferred from those stated. (*Bonelli* v. *Chandler, supra,* 165 Cal.App.2d 267, 270.)

■ In the instant case the action was filed *May 14, 1957*. On *September 13, 1957*, defendants filed a demurrer and also notice of motion to transfer the action. The motion to transfer was granted on *October 2, 1957*. During a period of more than three years plaintiff took no action to have the demurrer decided by the court.

■ It is stated in *Gray* v. *Times-Mirror Co.*, 11 Cal.App. 155, 162-163 [104 P. 481], in pertinent part as follows:

"Counsel for plaintiffs declare that they could not force a decision on the demurrer. This proposition cannot be disputed, yet it was the duty of plaintiffs, the moving actors in the litigation, to take all the steps necessary to secure a decision on the demurrer. It was not the duty of the defendant to do so. (Citations.) In the last-mentioned case [i.e. *Mowry* v. *Weisenborn*, 137 Cal. 110 (69 P. 971)] the supreme court says:

■ " 'It is true that the defendant may bring about a trial of the issue presented by his demurrer, but he is not under any duty to do so; his attitude in the case is involuntary, and quite different from that of the plaintiff; he is put to a defense only, and can be charged with no neglect for failing to do more than meet the plaintiff step by step. The plaintiff is the party charged with the duty of diligence in prosecuting the action, as the issues are presented. The case is at issue whether it be an issue of law or an issue of fact, and when at issue the duty is upon the plaintiff to diligently pursue the action.' " (See *Netzley* v. *Hillstrom*, 122 Cal.App.2d 417, 421 [265 P.2d 57]; *Bonelli* v. *Chandler, supra*, 165 Cal.App.2d 267, 275.)

■ We do not believe that the trial court manifestly abused its discretion. The fact that there was an action pending in Orange County (i.e. the Chapman action) does not relieve plaintiff of its duty diligently to prosecute its action. In addition, the facts indicate that plaintiff was not diligent even after the termination of the Chapman action. Plaintiff admits that the Chapman action was decided on *March 24, 1960*, adversely to plaintiff's claim yet the record discloses that plaintiff took no steps in the within action until *December 7, 1960*, when plaintiff filed its first amended complaint.

The orders are and each of them is affirmed.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied March 4, 1963, and appellant's petition for a hearing by the Supreme Court was denied April 3, 1963.