[Civ. No. 30834.   Second Dist., Div. Four.   Feb. 27, 1968.]

CONTRACT ENGINEERS, INC., Plaintiff and Appellant, v. LEWIS W. WELBORN et al., Defendants and Respondents.

Alfred D. Freis for Plaintiff and Appellant.

Crider, Tilson, & Ruppé, Edward A. DeBuys, Abe Mutchnik, Robert M. L. Baker, Marvin M. Chesebro, Schell & Delamer, Douglas W. Richardson, David H. Caplow, Stanley Sapiro and Fred Belanger for Defendants and Respondents.

KINGSLEY, J.—This appeal is a companion appeal to that considered in *Contract Engineers, Inc.* v. *California-Doran Heat Treating Co.*, 2d Civ. No. 30833, *ante,* page 546 [65 Cal. Rptr. 776], in which we file our opinion concurrently herewith. Both arise out of the same action in the trial court, but the two appeals involve different defendants and different issues. Consequently, although we permitted a partial consolidation of briefs and of records, we decide them by separate opinions.

The action was filed on March 21, 1962, alleging damage to property of the plaintiff occurring on June 11, 1959, allegedly due to the fault of the defendants. For reasons not appearing from the record, the original complaint was never served on anyone.[1] On October 11, 1962, plaintiff filed its first amended complaint. This pleading was served on the defendants herein involved[2] on the following dates: On defendants Welborn and Structural Systems, Inc., hereinafter referred to collectively

---

[1] Except as the original filing started running the time periods prescribed by section 583 of the Code of Civil Procedure, and except as the six-and-one-half-month interval between the filing of the original and the first amended complaints contributes to the total picture of delays, no issue is made over the failure to serve the original complaint. No one has contended before us that the statute of limitations was not tolled, as to the respondents on the appeals involved in case No. 30834, by the filing of the original complaint.

[2] The first amended complaint was also served on defendant California Testing Laboratories, Inc. (hereinafter ''California Testing'') as Doe II Corporation; that defendant duly answered the first amended complaint on January 8, 1964, and it answered the third amended complaint on December 15, 1965. So far as appears from this record, it never moved to dismiss and it is not a party to these appeals.

as "the Welborns") on March 20, 1964;[3] on defendant Paul Munroe Company, Inc. (hereinafter referred to as "Paul Munroe"), on September 20, 1963; on defendant Densmore Engineering Co., Inc. (hereinafter referred to as "Densmore") some time prior to November 1, 1963; and on defendant Utility Trailer Manufacturing Co., Inc. (hereinafter referred to as "Utility") some time prior to December 10, 1962.[4]

Responsive pleadings were thereafter filed, as follows: On June 17, 1964, the Welborns filed a special demurrer, which was sustained on July 3, 1964, with leave to amend; on October 25, 1963, defendant Paul Munroe filed its separate answer; on November 1, 1963, defendant Densmore answered; and on December 10, 1962, defendant Utility answered and cross-complained against California-Doran (not theretofore a named party to the action)[5] and against another defendant (California Testing Laboratories) not involved in this appeal.

Thereafter, on November 13, 1964, plaintiff filed a second amended complaint which, as is discussed in our opinion in the *California-Doran* case, was served only on the Welborns. The Welborns demurred to that pleading on December 15, 1964. On December 22, 1964, that demurrer was sustained with leave to amend.

On April 21, 1965, plaintiff filed its third amended complaint, which was served on all of the defendants herein involved. Responsive pleadings followed as follows: On Sep-17, 1965, by the Welborns; on April 30, 1965, by Paul Munroe; on April 30, 1965, by Densmore; and on October 22, 1965, by Utility.

On March 31, 1965, Paul Munroe filed a motion to dismiss the proceeding against it, on the ground of undue delay in prosecution (Code Civ. Proc., § 583); on April 2, 1965, Densmore filed a similar motion. Both motions were heard, together

---

[3] An attempt to serve that pleading at an earlier date had been frustrated by a misunderstanding between plaintiff's counsel and the process server over the address at which service was to be made. As we point out below, we regard the ruling made by the trial court on May 10, 1965, as rendering any delay in the service on the Welborns as being now immaterial.

[4] The record before us does not show the exact dates of service; as to some we have relied on undisputed statements in the briefs; as to Densmore and Utility we have only the dates on which those parties filed the first appearances.

[5] We outline in the *California-Doran* opinion, the history of the proceedings insofar as they affect that defendant, which is not a party to the appeal herein involved.

with a motion by California-Doran, on May 6, 1965. On May 10, 1965, the court filed its order denying the Paul Munroe and Densmore motions, "without prejudice to renewal after October 1, 1965, if no Memorandum to Set and Certificate of Readiness signed by counsel for Plaintiffs has been filed before that date." The California-Doran motion was also denied. In its memorandum, filed concurrently with the minute order of May 10, 1965, the trial court said: "While plaintiff has heretofore been making haste all too slowly, the record shows that its attorney now recognizes the need to proceed with all deliberate speed. The moving defendants have not shown that they have been unduly prejudiced by plaintiff's failure to bring the action to trial. If after October 1, 1965, they are so advised, these defendants may again move for dismissal."

By October 1, 1965, no such memorandum or certificate was on file and, on that date, Paul Munroe filed its second notice of motion to dismiss under section 583. Densmore followed suit on October 6, 1965. On November 9, 1965, the motions of Paul Munroe and Densmore were granted, followed by a formal judgment of dismissal on that date. On December 17, 1965, the Welborns filed their motion to dismiss under section 583; and on the same date Utility noticed for hearing a similar motion. On January 6, 1966, both motions were granted, and a formal judgment of dismissal was entered on the same date. From these final judgments of dismissal, plaintiff has appealed. ■ For the reasons set forth below, we reverse the judgments.

While the above proceedings between plaintiff and the several defendants were going on, those defendants were carrying on, desultorily, cross-actions among themselves, as follows:

Utility filed, on December 10, 1962, a cross-complaint against California-Doran and California Testing. California-Doran answered on January 3, 1963, and California Testing answered on January 8, 1963. Nothing happened thereafter, so far as this record discloses until, on July 15, 1965, California-Doran moved to inspect certain writings—a motion that was granted on August 2, 1965. On October 4, 1965, California-Doran moved to dismiss the cross-complaint under section 583, and that motion was granted on November 9, 1965. So far as the record discloses, the cross-complaint has been at issue between Utility and California Testing ever since January 8, 1963.

Paul Munroe filed, on October 25, 1963, a cross-complaint against plaintiff, the Welborns, Densmore, Utility and other parties. So far as the record discloses, that cross-complaint was still pending when the judgments herein appealed from were granted and entered, but it was not yet at issue as against any cross-defendant therein named.

The Welborns filed, on September 17, 1965, a cross-complaint naming, as cross-defendants, the plaintiff, Paul Munroe, Densmore and Utility. Densmore answered on September 24, 1965. On October 22, 1965, Utility demurred and on November 27, 1965, Paul Munroe demurred. Both demurrers were heard and decided on December 7, 1965. By stipulation, the demurrers were sustained as to the second and third causes of action, with leave to amend. On December 29, 1965, the Welborns filed their election to stand on the first cause of action and not to amend as to the other two causes of action. Plaintiff answered this cross-complaint on January 10, 1966.

Since the trial court had found, on May 10, 1965, that there were no inexcusable delays attributable to plaintiff by that date, we are herein concerned only with delays, after that date and attributable to plaintiff. This, of course, is not to say that either the trial court, or we, should be indifferent to the earlier delays as part of an over-all picture, but merely that *some* delay, chargeable to plaintiff, after May 10, 1965, must be found.

Clearly, on October 1, 1965, plaintiff was unable to file either a memorandum for setting or a certificate of readiness. On that date, the case was not at issue as to Utility (which did not answer the third amended complaint until October 22d), and it had been at issue as to the Welborns only since September 17th. Furthermore, the rules of court then in force provided that a memorandum for setting could not be filed until the case was at issue "as to all parties."[6] But the Paul Munroe cross-complaint was not then at issue as to anyone and the Utility cross-complaint likewise was not then at issue. The same situation persisted as to the Paul Munroe cross-complaint at the time the last dismissal was entered and it persisted as to the Utility cross-complaint until at least December

---

[6]On the dates herein involved, rule 206 of the California Rules of Court provided: "(a) No civil case shall be set for a pretrial conference or for trial unless it is at issue and unless a party thereto has served and filed therein a memorandum to set, stating: . . . (3) That the case is at issue as to all parties served with process or appearing therein; . . ."

29, 1965[7]—only a week before the last dismissal. The delays with reference to these cross-complaints cannot, in any manner shown by this record, be held to have been attributable to plaintiff, since they resulted from either failure of other parties to plead to a pleading initiated by another party or from law and motion proceedings between other parties.

It is true that, even after May 10, 1965, plaintiff was less than aggressive . in initiating discovery proceedings;[8] but while this might have justified the trial court in terminating discovery proceedings, once the case was at issue on all pleadings, it did not justify a total dismissal.

So far as we can see, after May 10, 1965, plaintiff was at fault only in not being nasty toward defendants Paul Munroe, Utility and the Welborns. Neither Utility nor the Welborns evidenced any hurry to answer the third amended complaint and neither they nor Paul Munroe were anxious to get their several cross-complaints at issue. Since we can find no delay, after May 10, 1965, attributable to plaintiff as against those three defendants, it was an abuse of discretion to grant their motions to dismiss and judgments of dismissal were erroneously granted to them.

■■ On the other hand, Densmore has acted with reasonable speed throughout and none of the delays after May 10, 1965, can be attributed to any neglect or delay on its part. In a joint and several action (as in the case at bench), each defendant is entitled to have its motion under section 583 determined on the facts applicable to it, without being prejudiced by matters relating solely to its codefendants. (*Ross* v. *George Pepperdine Foundation* (1959) 174 Cal.App.2d 135, 142-143 [344 P.2d 368].) The motion of that defendant was properly granted and the judgment of dismissal which followed was proper.

The judgment in favor of defendant Densmore is affirmed; the other judgments appealed from are reversed.

Files, P. J., concurred.

---

[7]It is true that plaintiff never answered the Paul Munroe cross-complaint and that it did not answer the Utility cross-complaint until January 10, 1966. Had this been the only failure to plead, of course, plaintiff would have been chargeable with delay; but it is not chargeable with the failure of others to bring the cross-complaints to issue and it should be noted that it completed the pleadings in the Utility case within less than two weeks after the law and motion proceedings between its co-cross-defendants and Utility were settled.

[8]Plaintiff did not start to serve interrogatories until October 13, 1965.

COLLINS, J. pro tem.*—I dissent.

Code of Civil Procedure, section 583 states that "The Court may in its discretion" dismiss an action for want of prosecution. "The discretion is that of the trial court and it will be disturbed only in cases of manifest abuse. (*Hillsdale Builders Supply Co.* v. *Eichler* (1952) 109 Cal.App.2d 117, 118 [240 P.2d 343] and cases there cited.)" (*Hayashi* v. *Lorenz* (1954) 42 Cal.2d 848, 851 [271 P.2d 18].) "It is incumbent upon appellant to show that there has been such an abuse of discretion." (*Rouse* v. *Palmer* (1961) 197 Cal.App.2d 666, 669 [17 Cal.Rptr. 509], and cases there cited.) Also see *McKenzie* v. *Albaeck* (1963) 219 Cal.App.2d 97 [32 Cal.Rptr. 762]; *Finley* v. *Perry* (1962) 207 Cal.App.2d 363 [24 Cal. Rptr. 308].

Furthermore it is the duty of the plaintiff, not the defendant, to use diligence to expedite his action at every stage of the proceedings. (*Rouse* v. *Palmer, supra,* 197 Cal.App.2d 666, 671; *Abner Corp.* v. *Lushing* (1963) 212 Cal.App.2d 597, 605-606 [28 Cal.Rptr. 207], and cases there cited.) See *Boys Town USA, Inc.* v. *World Church* (1963) 221 Cal.App.2d 468, 472 [34 Cal.Rptr. 498].

My review of the entire record convinces me that the trial judge exercised the requisite discretion well within the permissible limits of section 583 as interpreted by an ever growing number of appellate court decisions. The proliferation of appeals from this type of order might diminish substantially if appellants could be impressed that the discretion lies with the trial court, and that the appellate court may not examine the matter de novo.

I would affirm the orders of dismissal.

The petitions for a rehearing were denied February 27, 1968, and the opinion and judgment were modified to read as printed above. Collins, J. pro tem.,* concurred in the modification insofar as it relates to Densmore; he would grant the petitions for rehearing filed by Paul Munroe and Utility. The petitions of the appellant and the respondents Paul Munroe and Utility for a hearing by the Supreme Court were denied April 24, 1968.

---

*Assigned by the Chairman of the Judicial Council.